## Case No. 18,150.

### YOUNG'S CASE.

[2 Cranch, C. C. 453.] [1]

Circuit Court, District of Columbia. April Term, 1824.

#### GRANT OF FERRY LICENSE.

This court has a discretion to grant or refuse a license for a ferry over the eastern branch.

Nicholas Young petitioned the court for a license to keep a ferry over the eastern branch of the Potomac, alongside of the eastern branch bridge, and a rule was granted to the Anacostia Bridge Company, and the Navy Yard Bridge Company, and the Eastern Branch Bridge Company to show cause why it should not be granted.

Mr. Marbury, for the petitioner, cited the acts of Maryland, November, 1781, c. 22. and April, 1782, c. 31.

By the act of 1781, c. 22, § 1, the justices of the county courts are authorized and required to grant their license to any inhabitant of their county to keep a public ferry at any place within their county then used as such, if they should think that a public ferry ought to be kept there; and if any person should keep ferry for hire or reward without such license, he should forfeit £5. for every offense.

By the act of April, 1782, c. 31, § 3, it is enacted, "that when, and as often as any person shall apply to the justices of any county court for a license to keep a public ferry, and shall offer two good and sufficient securities, the said justices may and shall grant a license to such person to keep ferry, notwithstanding the said court may have, previous to such application, granted license or licenses to other persons to keep ferry at the same place."

By the act of congress of 3d of March, 1801,

[1] [Reported by Hon. William Cranch, Chief Judge.]

(2 Stat. 115), "supplementary to the act concerning the District of Columbia," section 1, it is enacted that the circuit courts of the District of Columbia shall have the same power respecting ferries, &c., for the county of Washington as had been theretofore exercised by the county and levy courts of the state of Maryland.

Mr. Marbury, contended that the act of 1782 was peremptory upon the court and left them no discretion, the petitioner having offered "two good and sufficient securities," and cited the cases of Thomas v. Cofield, and Ringgold v. Cofield [unreported], so decided in the court of appeals of Maryland in 1810 and 1812, in chancery.

Mr. Key, contra. This is an application to the discretion of the court. The act of 1781, is applicable only to places then used as ferries. This is an application for a new ferry. The old ferry has ceased for many years, and the owner of the old ferry and landing, Matthew Wigfield, was one of the petitioners for the erection of the eastern branch bridge. If the landing had ever been condemned it has, by non-user, reverted to the owner. In the case of Cofield, the petition was not for a new ferry.

Mr. Marbury, in reply. This is not an application for a new ferry. This court granted a license for this ferry in 1815.

THE COURT (MORSELL, Circuit Judge, contra) decided that they had a discretion, and refused to grant the license, as the object was to compel the bridge companies to take less toll than they are authorized by law to take. The bridge companies are liable to prosecution and forfeiture if they suffer their respective bridges to be out of repair; and if any one may keep a ferry along-side of them they may not be able to keep them in repair, and the companies may be destroyed, to the great injury of the public.

NOTE. The petitioner, or some other person, afterwards set up a ferry near the bridge. and the court. by injunction. restrained him from receiving hire or reward for the transportation of persons, &c. across the branch.