## MEYER *et al. v.* HERRERA.

*Circuit Court, W. D. Texas, San Antonio Division.* December 31, 1889.)

1. FEDERAL COURTS—JURISDICTION—DEMURRER.

   Where the citizenship of the parties appears in the petition, defect of jurisdiction on that ground may be raised by demurrer, in the absence of a general appearance.

2. SAME—SUITS AGAINST ALIENS.

   Under Act Cong. Aug. 13, 1888, (25 St. at Large, 434,) which confers on the federal courts jurisdiction of suits between citizens of different states, or between citizens of a state and foreign states, citizens, or subjects, but provides that no suit against any person shall be brought "in any other district than that whereof he is an inhabitant; but, where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of the plaintiff or the defendant, "—the circuit court has no jurisdiction of an action by citizens of the district against an alien temporarily in the district.

On Demurrer to Jurisdiction.

*Tarleton & Keller,* for plaintiffs.

*Oscar Bergstrom,* for defendant.

MAXEY, J.   This is a suit instituted by the plaintiffs, who are citizens of Texas and residents of this district, against the defendant, a resident and citizen of the republic of Mexico, to recover damages in excess of $2,000, for breach of contract. A demurrer is interposed to the petition, on the ground that the court has no jurisdiction over the person of the defendant.

The preliminary question, that the objection should be raised by plea in abatement, will be first disposed of. As pertinent to that issue, the petition alleges:

"Said Albert Meyer is a resident citizen of the county of Bexar, and the said Charles W. Barnard is a resident citizen of the county of Uvalde, and state of Texas, and both within the jurisdiction of this court; and the said Julian F. Herrera is a resident and citizen of the republic of Mexico, but at present, of his own volition, and voluntarily, within the territorial jurisdiction of this court, in the said county of Bexar."

When the necessary facts appear upon the face of the petition, as in this case, the defect of jurisdiction, if any existing, may, in the absence of a general appearance, be reached by demurrer interposed specially for that purpose. *Halstead* v. *Manning,* 34 Fed. Rep. 565. And so it is held by the supreme court that—

"The case is not one where a plea in abatement was required, to raise the question of citizenship. Here the citizenship of the parties is averred in the bill of complaint, and the consequent defect in the jurisdiction of the court is apparent; and a defect of this character, thus disclosed, may be reached on demurrer, or taken advantage of without demurrer, on motion, at any stage of the proceedings. A plea in abatement is required only when the citizenship averred is such as to support the jurisdiction of the court, and the defendant desires to controvert the averment." *Coal. Co.* v. *Blatchford,* 11 Wall. 177, 178.

Whether the defendant is suable, over his protest, in this district, depends upon the construction to be given the act of August 13, 1888.

The general jurisdiction of the circuit courts over suits of a civil nature at common law, involving amounts in excess of $2,000, where a citizen of a state is plaintiff and an alien is defendant, is not challenged. But the defendant appears, and says, *in limine*, that under the act of congress he cannot be sued in this district without his consent, and submits that issue to the determination of the court. It is thus evident there is no general appearance in the cause, no voluntary submission of the person to the jurisdiction of the court, but a denial, in the first instance, of the right to proceed with the cause on its merits.

If the suit is properly brought in this district, authority for it must be found in the first section of the act, which provides—

"That the circuit courts of the United States shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature, at common law or in equity, where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of two thousand dollars, * * * in which there shall be a controversy between citizens of different states, in which the matter in dispute exceeds, exclusive of interest and costs, the sum or value aforesaid; * * * or a controversy between citizens of a state and foreign states, citizens, or subjects, in which the matter in dispute exceeds, exclusive of interest and costs, the sum or value aforesaid. * * * And no civil suit shall be brought before either of said courts, against any person, by any original process or proceeding, in any other district than that whereof he is an inhabitant; but, where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant." 25 St. at Large, 434.

The concluding part of the section, as quoted above, regulating the venue of suits, may be divided into two distinct clauses: (1) Suits generally shall be brought "in no other district than that whereof the defendant is an inhabitant;" (2) but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or defendant. Now, the right to bring this suit in this district cannot be maintained under the second clause, because the action is not between citizens of different states, unless the words "citizens of different states" should be held to include citizens of a foreign state. But "the word 'state' is used in the constitution as designating a member of the Union," (*Hepburn* v. *Ellzey*, 2 Cranch, 453;) and a suit between an alien and a citizen of a state is not a suit between citizens of different states. (*Cudahy* v. *McGeoch*, 37 Fed. Rep. 1. See, also, *King* v. *Cornell*, 106 U. S. 398, 1 Sup. Ct. Rep. 312; *Walker* v. *O'Neill*, 38 Fed. Rep. 374; *Cooley* v. *McArthur*, 35 Fed. Rep. 372.)

The second clause, therefore, is without application to the case at bar; and, if the suit be maintainable, it must be so by virtue of the provisions of the first clause. *Zambrino* v. *Railway Co.*, 38 Fed. Rep. 450. Under that, the suit is confined to the district of which the defendant is an inhabitant. The petition avers that the defendant is a resident and citizen of the republic of Mexico, "but at present * * * within the territorial jurisdiction of this court, in the said county of Bexar,"

which is legally equivalent to the allegation, within the meaning of the act, that he is an inhabitant and citizen of Mexico. See *Manufacturing Co.* v. *Manufacturing Co.*, 34 Fed. Rep. 818, 819; *In re Wrigley*, 8 Wend. 140; *Roosevelt* v. *Kellogg*, 20 Johns. 210; Bouv. Law Dict. tit. "Residence;" *Walker* v. *O'Neill*, 38 Fed. Rep. 376. Not being an inhabitant of the district, he claims his exemption from suit, and insists that the mere fact of his being found here is not sufficient to confer jurisdiction. There is a marked difference between the act of 1888 and the acts of 1875 and 1789, in respect of the venue of suits, or place of suability. The act of 1875, a substantial re-enactment of that of 1789, (Rev. St. § 739,) provides that—

"No civil suit shall be brought before either of said courts, against any person, by any original process or proceeding, in any other district than that whereof he is an inhabitant, or in which he shall be found at the time of serving such process, or commencing such proceeding." 18 St. at Large, 470.

Jurisdiction of the suit, under the act of 1875, would have been beyond controversy; but the clause conferring it under that act is not found in the statute of 1888. The material words, "or in which he shall be found at the time of serving such process or commencing such proceeding," are omitted from the last act, and those or equivalent words must be supplied in the present statute, in order to maintain the suit against this defendant. In other words, to hold the defendant to answer and trial in this case, the court must judicially legislate into the act of August 13, 1888, the very clause which the law-making power has deliberately legislated out of it. But legislation is no part of the functions of the judiciary, nor do the courts concern themselves about the motives of the legislature. Says the supreme court:

"Our duty is to give effect to the will of the law-making power, when expressed within the limits of the constitution." *Barney* v. *Latham*, 103 U. S. 212; *U. S.* v. *Railroad Co.*, 91 U. S. 91. "And judicial duty is not less fitly performed by declining ungranted jurisdiction than in exercising firmly that which the constitution and laws confer." *Ex parte McCardle*, 7 Wall. 515.

I am clearly of opinion that under the present law, where a suit is instituted by a citizen of a state against an alien defendant, it must be brought in the district of which the defendant is an inhabitant, unless, if brought in another district, the defendant voluntarily submits himself to the jurisdiction of the court. The demurrer to the jurisdiction will be sustained, and an order entered dismissing the suit.