### RYAN v. OHMER et al.

#### (District Court, S. D. New York. April 24, 1916.)

1. COURTS ☞308—JURISDICTION—FEDERAL COURTS.
     Under Judicial Code (Act March 3, 1911, c. 231) § 24, 36 Stat. 1091 (Comp. St. 1913; § 991), declaring that the District Court shall have original jurisdiction of all suits of a civil nature between citizens of different states, or between citizens of a state and foreign states and subjects or citizens, the District Court has jurisdiction of a suit wherein a citizen of one state was plaintiff, and a citizen of another and a subject of a foreign power were defendants.
     [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 855, 856; Dec. Dig. ☞308.]

2. CORPORATIONS ☞668(7)—PROCESS—SERVICE—NONRESIDENT AGENT.
     Where an agent of a foreign corporation was temporarily within the state and federal district upon private business, service upon him is not a binding service upon the corporation.
     [Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2613; Dec. Dig. ☞668(7).]

3. CORPORATIONS ☞668(16)—PROCESS—SERVICE—VALIDITY.
     Where an affidavit to quash service of process on the vice president of a foreign corporation, while in the state and district, did not clearly show that the vice president was not within the district on corporate business, or that the corporation was not doing business within the district, those questions will be referred to a master.
     [Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2627; Dec. Dig. ☞668(16).]

In Equity. Suit by Thomas J. Ryan against Will I. Ohmer, the Recording & Computing Machines Company, and the Canadian Car & Foundry Company, Limited. Defendants appeared specially moving to dismiss for want of jurisdiction, and the Recording Company and Canadian Company moved to quash the subpoena. Motion to dismiss for want of jurisdiction denied, and motion by the Recording Company to quash the subpoena overruled, while that of Canadian Company referred to a master.

William A. Barber and Joseph D. Fackenthal, both of New York City, for plaintiff.

Walter C. Noyes, of New York City, and H. A. Toulmin, of Dayton, Ohio, for defendants Ohmer and Recording Co.

T. Ludlow Chrystie, of New York City, for defendant Canadian Co.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

MAYER, District Judge. [1] First. The most interesting feature of this motion is the fact that, with a wide diversity of opinion outstanding, the question of jurisdiction has never been passed on by the Supreme Court. The first motion is to dismiss for want of jurisdiction because plaintiff is a citizen of New York, two of the defendants citizens of Ohio, and the third defendant an alien corporation; in other words, because a New York plaintiff has sued in New York and joined as defendants two Ohio citizens and a Canadian alien corporation. The question presented arises under section 24 of the Judicial Code of 1912 (Comp. St. 1913, § 991), which reads:

"Sec. 24. The District Courts shall have original jurisdiction as follows: "First. Of all suits of a civil nature, at common law or in equity * * * (b) * * * between citizens of different states, or (c) * * * between citizens of a state and foreign states, citizens, or subjects."

The same language is found in Act Aug. 13, 1888, c. 866, 25 Stat. 433, and Act March 3, 1887, c. 373, 24 Stat. 552. Defendants' position is that this is not "a controversy between citizens of different states," because one of the parties defendant is not a citizen, but an alien, and that this is not "a controversy between citizens of a state and foreign states, citizens or subjects," because two of the defendants are neither a foreign state, citizen, nor subject, but are citizens of a different state. In support of this view defendants cite from cases and leading text-books.

Hughes, in his work on Federal Procedure (section 119, p. 299), states the situation as follows:

"There is a conflict of decision on the question whether a federal court would have jurisdiction in a case where citizens of a state are plaintiffs and citizens of a different state and aliens are defendants. In Tracy v. Morel (C. C.) 88 Fed. 801, it is held that this latter is a casus omissus in the statute, and that the federal courts would not have jurisdiction. On the other hand, in Roberts v. Pacific & A. R. & Nav. Co. (C. C.) 104 Fed. 577, Judge Hanford, in a well-considered opinion, holds that such a case would fall within the federal jurisdiction. It seems to the author that, however liberally the Removal Act ought to be construed, the line of decisions holding that the case does not fall within the jurisdiction of the federal courts best accords with the statute. If a federal court has jurisdiction, it must be under one of two phrases in the first section of the act of August 13, 1888—either on the language, (1) 'in which there shall be a controversy between citizens of different states'; or (2) 'a controversy between citizens of a state and foreign states, citizens or subjects.' If the rulings of the federal courts in other connections to the effect that a 'controversy between citizens of different states' means a controversy in which all the citizens on one side and all the citizens on the other are citizens of different states, jurisdiction in the case supposed could certainly not be supported upon that, for one of the parties defendant in such case is not a citizen, but an alien. On the other hand, if that same principle of construction is applied to the second class, a controversy in the case supposed is not between citizens of a state and foreign states, citizens, or subjects, for one of the defendants is neither a foreign state, citizen, nor subject, but a citizen of a different state. This would seem to be the necessary construction of the statute, and this is the view taken by the standard work on the subject. Black, Dill. Rem. Causes, § 34."

See Black's Dillon on Removal of Causes, §§ 66–84; Simkins, Federal Suit in Equity, pp. 86, 87; Tracy v. Morel (C. C.) 88 Fed. 801, 803; Hervey v. Railway Co., 7 Biss. 103, Fed. Cas. No. 6,434; King v. Cornell, 106 U. S. 395, 1 Sup. Ct. 312, 27 L. Ed. 60; Pooley

v. Luco (C. C.) 72 Fed. 561; Meyer v. Herrera (C. C.) 41 Fed. 65, 66; Gage v. Riverside Trust Co. (C. C.) 156 Fed. 1002; Sawyer v. Switzerland, 21 Fed. Cas. 589, No. 12,408, 14 Blatchf. 451, also by way of analogy; Smith v. Lyon, 133 U. S. 315, 10 Sup. Ct. 303, 33 L. Ed. 635.

Per contra, plaintiff relies on the following cases: Roberts v. Pacific, etc., Co., 121 Fed. 785, 58 C. C. A. 61 (C. C. A. Ninth Circuit); Ballin v. Lehr (C. C.) 24 Fed. 193; Ladew v. Tennessee Copper Co. (C. C.) 179 Fed. 245, at p. 256; Baker v. Pinkham (D. C.) 211 Fed. 728; Bradshaw v. Bowden (D. C.) 226 Fed. 323. Reference is also made to Ladew v. Tennessee Copper Co., 218 U. S. 367, 31 S. Ct. 81, 54 L. Ed. 1069. Roberts v. Pacific, etc., Co., supra, fully discusses the view urged by plaintiff.

An analysis of the reasoning which has led the various courts and text-book writers to come to their conclusions will not be profitable. The question will continue to be one as to which marked differences of opinion will exist until the Supreme Court has occasion to construe the statute. Of course, the question is close, and, ordinarily, a doubt will be resolved against jurisdiction; but as between the narrow view, well supported by close reasoning, and the broader view, which seeks to escape too fine a distinction, I choose the latter. I do this the more willingly because a reading of the complaint suggests to me that a considerable delay incident to the settlement of the question of jurisdiction might do injustice to plaintiff in denying to him an opportunity to obtain his relief promptly, if he is entitled to it.

The motion to dismiss is denied.

[2] Second. Motion to quash as to Recording Company. There is no dispute as to the law applicable to this motion; for it must be admitted that, if service on this Ohio corporation was attempted to be obtained here by service on one of its officers, who was here only on his own personal business, then the motion must be granted.

Will I. Ohmer, by affidavit verified March 22, 1916, sets forth that he resides and always has resided in Dayton, Ohio, is president of Recording Company, an Ohio corporation, with its factory and offices at Dayton, and with no office, officer, agent, property, nor place of business in New York; that he was served at the Waldorf-Astoria, where he was temporarily stopping in connection solely with personal business, his visit lasting from March 6 to March 8, 1916. Plaintiff meets this affidavit by setting forth, in an affidavit verified March 4, 1916, that he is informed and believes (without stating the source or nature of information) that Ohmer was in New York City on the business of the company. He further states that the contract between the two corporation defendants, referred to in the complaint, was signed in New York City.

Ohmer replies, in an affidavit verified April 15, 1916, that the contract was concluded and signed at Montreal, Canada, on the part of defendant Canadian Company, and at Dayton, Ohio, on the part of the Recording Company, and quotes a clause of the contract in confirmation of his statement. He reiterates that he was in New York City on personal business, and furnishes certain corroborative details,

in which he is supported by the affidavit of E. E. Pierson, secretary of Recording Company, verified April 15, 1916.

I am fully satisfied that the motion must prevail, and I see no occasion for further examination by the court or reference to a special master.

This motion is granted.

[3] Third. Motion to quash as to Canadian Company. The affidavit of Wilson W. Butler, verified April 4, 1916, on behalf of this defendant, sets forth that Butler is vice president of the defendant company, a Canadian corporation, but does not assert that Butler was not in New York City officially representing his company. Butler states that defendant, at the time of service, did not have and does not now have an office in the state of New York, and was not and is not doing business in the state of New York; that in March, 1915, a corporation was organized under the name "Agency of Canadian Car & Foundry Company, Limited," which has been and is doing business at 120 Broadway, Manhattan, New York City, and that Butler is vice president and a director of the "Agency" corporation.

Obviously, the relations, if any, of defendant with the "Agency" corporation are peculiarly within defendant's knowledge, and it is difficult for an outsider to obtain accurate knowledge or information of such relations. The statements of Butler that defendant is not doing business in New York may be mere conclusions and plaintiff's information that defendant is doing business "in the way of refinancing itself, readjusting its securities, * * * and letting contracts and dealing with the performance thereof, and soliciting business either directly or through" the "Agency" corporation, warrants further investigation. I will therefore refer this matter to a special master, and meanwhile, of course, the decision of this motion will remain in abeyance.

Settle orders on notice.

---

⬤═▷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes