## TSITSINAKIS v. SIMPSON, SPENCE & YOUNG et al.

United States District Court
S. D. New York.
May 24, 1950.

Golenbock & Komoroff, New York City (Jerome Golenbock, New York City, of counsel), for plaintiff.

Frederick H. Cunningham, New York City, for defendants.

IRVING R. KAUFMAN, District Judge.

The defendants have moved this Court for an order declining jurisdiction and dismissing the action on the ground of forum non conveniens. .

The action is brought under three counts: the first under the Jones Act, 46 U.S.C.A. § 688, for injuries sustained; the second for maintenance and cure, and the third for negligence under the laws of Greece.

The plaintiff, a citizen and resident of Greece, sustained injuries on May 27, 1949, while working aboard the ship S. S. Aghios Nicholaos as it lay in the port of Kamaishi, Japan, and as a result was hospitalized in Japan. The S. S. Aghios Nicholaos is a Greek vessel with port of registry at Piraeus, Greece. The defendants N. C. and A. C. Hadjipateras, owners of the vessel, are citizens of Greece. The plaintiff signed articles as a member of the crew at Rotterdam, Holland, on September 20, 1947 with discharge at Kamaishi, Japan on May 27, 1949.

It appears that plaintiff, while being repatriated from Japan to Greece, remained in transit in the United States for purpose of bringing this action since service could be made on the defendants in their New York offices. The only connection or contact this action has with this country is that the defendant, Simpson, Spence & Young is a New York corporation, though that corporation's relation with the action is not clear. However, since the defendant,

Simpson, Spence & Young joins in this motion to decline jurisdiction, there is no reason why the Court could not decline jurisdiction. See Note, Applicability of Forum Non Conveniens When Foreign Forum is Claimed to be More Appropriate, 50 Columbia Law Review 236,238 (1950).

▪ The Court of Appeals for this Circuit has indicated that jurisdiction should not be declined where the plaintiff is entitled to the remedial benefits of the Jones Act. Taylor v. Atlantic Maritime Co. et al., 2 Cir., 1950, 179 F.2d 597, 598. Plaintiff does claim in this action under the Jones Act, but this is *a fortiori* impossible from the holding by the Court of Appeals that "an alien, who signs articles in a foreign port for service on a foreign ship and is injured aboard ship in an American port, may not invoke the Jones Act; The Paula, [2 Cir.], 91 F.2d 1001." Taylor v. Atlantic Maritime Co. et al., supra, 179 F. 2d at page 598; Cf. O'Neill v. Cunard White Star, 2 Cir., 1947, 160 F.2d 446. Therefore the first cause of action based on the Jones Act must be dismissed.

▪ The plaintiff has alleged two other causes of action, his second and third in the complaint, in which jurisdiction could be based only on Section 1332(a) (2) of Title 28 U.S.C.A. which gives the district courts jurisdiction over actions where the matter in controversy exceeds the sum of $3000 exclusive of interest and costs, and is between "citizens of a State, and foreign states or citizens or subjects thereof." It is well settled that in order to sustain jurisdiction of an action based on diversity of citizenship in the federal court, each plaintiff must be capable of suing each defendant in that court. See City of Indianapolis v. Chase National Bank, 1941, 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47. The courts of the United States have no jurisdiction of a case in which both parties are aliens, Kavourgias v. Nicholaou Co., 9 Cir., 1945, 148 F.2d 96, 97; if both a party plaintiff and a party defendant are aliens the district court lacks jurisdiction, even though there are other parties in the action, as plaintiffs or defendants, who are citizens of the United States. Compania Minera y Compradora de Metales Mexicano, S. A. v. American Metal Co., D.C.W.D.Tex.1920, 262 F. 183; Ex parte Edelstein, 2 Cir., 1929, 30 F.2d 636, certiorari denied, Edelstein v. Goddard, 1929, 279 U.S. 851, 49 S.Ct. 347, 73 L.Ed. 994. Since in this action the plaintiff and the two individual defendants (who, it seems, are indispensable to the action) are aliens, the Court has no jurisdiction to entertain the action.

However, defendants' motion papers assume that there might be jurisdiction, in which case this Court undoubtedly should in the exercise of its discretion decline jurisdiction under the doctrine of forum non conveniens. Plaintiff alleges in his complaint, and it is apparent, that he has an adequate remedy for his injuries under the law of Greece; this Court is therefore not a proper forum.

Defendants' motion to decline jurisdiction granted and complaint dismissed.