ED AND FRED, INC.,
Plaintiff-Appellee,

v.

PURITAN MARINE INSURANCE
UNDERWRITERS CORP. et al.,
Defendants,

Mid Atlantic Insurance Company, Ltd.,
Defendant-Appellant.

No. 73–3884.

United States Court of Appeals,
Fifth Circuit.

Jan. 17, 1975.

James A. Dixon, Jr., Miami, Fla., Albert D. Jordan, Elliot Paskoff, New York City, for defendant-appellant.

Gerald M. Walsh, Fort Lauderdale, Fla., for Baldwin Ins. Agency.

Kneeland, Splane & Kydd, Boston, Mass., for Puritan.

Reginald M. Hayden, Jr., Miami, Fla., for plaintiff-appellee.

Before TUTTLE, RONEY and GEE, Circuit Judges.

GEE, Circuit Judge:

Ed and Fred brought suit to collect on a policy of marine insurance covering the barge PUTNAM, sunk in the Atlantic in 1972. The defendants were Puritan Marine Insurance Underwriters and Mid-Atlantic Insurance Company, Ltd. Puritan took a default judgment; Mid-Atlantic was found liable on the policy on the basis of actual or, in the alternative, apparent authority given the agent Puritan. Mid-Atlantic appeals, contending that Puritan lacked any authority to commit Mid-Atlantic for the full value of the hull.

Although the trial court found diversity, we do not. Plaintiff Ed and Fred is incorporated under the laws of the Netherlands Antilles, with its sole place of business there. Mid-Atlantic is incorporated in and operates its business from

Bermuda. Puritan is a Massachusetts corporation with its principal place of business in Boston. With the parties thus aligned, we have an alien suing a citizen of a state and another alien.

■■ If applied to suits brought by aliens, the rule of complete diversity [1] would divest the district court of Section 1332 jurisdiction. No provision of the diversity statute prevents application of the rule. 28 U.S.C. § 1332(a)(2) provides federal jurisdiction when a citizen of a state is sued or sues a foreign state, or its citizens or subjects. 28 U.S.C. § 1332(a)(3) applies only in a suit between citizens of different states with aliens as additional parties. While the rule of complete diversity is not of constitutional dimensions, State Farm Fire and Cas. Co. v. Tashire, 386 U.S. 523, 530–531, 87 S.Ct. 1199, 18 L.Ed.2d 270 (1967), the established judicial construction of the general diversity statute requires complete diversity. There is no indication—legislative or judicial—that a deviation from the rule applied in ordinary diversity cases would or ought obtain in a suit brought by an alien. Ex parte Edelstein, 30 F.2d 636, 638 (2d Cir.), cert. denied, 279 U.S. 851, 49 S.Ct. 347, 73 L.Ed. 994 (1929); Lavan Petroleum Co. v. Underwriters at Lloyds, 334 F.Supp. 1069, 1071 (S.D.N.Y.1971); Karakatsanis v. Conquestador Cia. Nav., S.A., 247 F.Supp. 423, 426 (S.D.N.Y. 1965); Tsitsinakis v. Simpson, Spence & Young, 90 F.Supp. 578 (S.D.N.Y.1950). Cf. Romero v. Int'l Terminal Operating Co., 358 U.S. 354, 381, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959).

■■ Nevertheless, jurisdiction lies. Ed and Fred are suing on a policy of marine insurance, a maritime contract within federal admiralty jurisdiction. Kossick v. United Fruit Co., 365 U.S. 731, 81 S.Ct. 886, 6 L.Ed.2d 56 (1961); Ins. Co. v. Dunham, 78 U.S. (11 Wall.) 1, 20 L.Ed. 90 (1870). It is not always clear whether courts are to apply federal or state law in marine insurance cases, at least insofar as the substantive terms of the policy are concerned; [2] however, this is an issue which the trial court should have determined. We are unable on this record to discern whether the trial judge applied federal, Massachusetts or Florida law.[3] Therefore, a remand is appropriate to determine which law should be applied and to make any additional findings of fact necessary to satisfy the elements of applicable agency law. Kincaid Cotton Co., Inc. v. Kesey Bros., 504 F.2d 976 at 978 (5th Cir., 1974).[4]

Vacated and remanded.

1. Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806).

2. Contrast Kossick v. United Fruit Co., 365 U.S. 731, 81 S.Ct. 886, 6 L.Ed.2d 56 (1961) with Wilburn Boat Co. v. Fireman's Fund Ins. Co., 348 U.S. 310, 75 S.Ct. 368, 99 L.Ed. 337 (1955). See also, Irwin v. Eagle Star Ins. Co., 455 F.2d 827, 829 (5th Cir.), cert. denied, 409 U.S. 852, 93 S.Ct. 118, 34 L.Ed.2d 95 (1972).

3. Without foreclosing the possibility that federal law may be applicable, we note that our circuit has at times applied state law to determine the authority of agents and brokers in marine insurance cases, albeit without discussion. Wisconsin Barge Line, Inc. v. Coastal Marine Transp., Inc., 414 F.2d 872 (5th Cir. 1969); Fireman's Fund Ins. Co. v. Wilburn Boat Co., 300 F.2d 631, 641 n. 4 (5th Cir.), cert. denied, 370 U.S. 925, 82 S.Ct. 1562, 8 L.Ed.2d 505 (1962). Cf. Cateora v. British Atlantic Assurance, Ltd., of Nassau, 282 F.Supp. 167, 171 (S.D.Tex.1968).

4. There has been no suggestion in this case that the law of the Netherlands Antilles or Bermuda might apply.