**Kweku S.S. DADZIE, derivatively on Behalf of INTERNATIONAL KAL–SAHARA CORPORATION,**

v.

**Catherine S. LESLIE and Africa Overseas Corporation.**

**Civ. A. No. 81–2002.**

United States District Court,
E.D. Pennsylvania.

Oct. 20, 1982.

---

Stephen M. Kramer, Philadelphia, Pa., for plaintiffs.

Francis X. Nolan, Himes, Sanders, Bunting & Nolan, Philadelphia, Pa., for defendants.

## MEMORANDUM and ORDER

McGLYNN, District Judge.

Pending before this court is defendants' motion to dismiss for lack of subject matter jurisdiction. Plaintiffs have sought to invoke the jurisdiction of this court based on diversity of citizenship pursuant to 28 U.S.C. § 1332 (1976). The resolution of defendants' motion depends upon the determination of the citizenship of one of the defendants, Catherine S. Leslie.

Plaintiff, Kweku S.S. Dadzie, an alien, brought this derivative action on behalf of International Kal-Sahara Corporation ("Kal-Sahara"), a corporation incorporated in the District of Columbia in 1972, but whose authority to operate was revoked in 1978. Thus, since before the filing of this lawsuit, Kal-Sahara has had no principal place of business. When it did operate one, plaintiffs assert it was in the District of Columbia. Defendants contend, however, the principal place of business was in Pennsylvania.[1]

Defendant Africa Overseas Corporation is a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania. The other defendant around whom the controversy lies is Catherine S. Leslie, an individual. It is undisputed that Ms. Leslie is a United States citizen. However, the parties disagree over where she was domiciled at the time suit was commenced,[2] and whether she was a citizen of a state at that time. Defendants assert she was a domiciliary of Nigeria and not a citizen of any particular state. Plaintiffs believe she was domiciled in Pennsylvania and was indeed a citizen of Pennsylvania.

Section 1332 provides in part that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—(1) citizens of different States;

---

1. Kal-Sahara has been named as a plaintiff in this suit. In a shareholder derivative action, the court is not bound by the alignment by plaintiff of the corporation on whose behalf recovery is sought. *Smith v. Sperling,* 354 U.S. 91, 77 S.Ct. 1112, 1 L.Ed.2d 1205 (1957). However, if it is found that Ms. Leslie was not a citizen of any state when this action was commenced, whether Kal-Sahara is considered a plaintiff or a defendant may not affect the disposition of defendants' motion. Therefore I make no finding in this regard at this time.

2. In determining whether diversity jurisdiction exists, the relevant time period is when the action was commenced. *Field v. Volkswagenwerk AG,* 626 F.2d 293, 304 (3d Cir.1980). Under Rule 3 of the Federal Rules of Civil Procedure, an action is commenced when the complaint is filed regardless of state rules to the contrary. 13 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3608, at 653–54 (1975).

(2) citizens of a State and citizens or subjects of a foreign state; ...." By its language, the statute requires a party be either an alien or a United States citizen who is also a citizen of one of the United States.[3]

▮ It is defendants' contention that Ms. Leslie fulfills neither requirement. Because she is a United States citizen, it is clear she is not a citizen or subject of a foreign state even if it is found she is a domiciliary of Nigeria. *Sadat v. Mertes,* 615 F.2d 1176, 1183 (7th Cir.1980); *Van Der Schelling v. U.S. News & World Report, Inc.,* 213 F.Supp. 756 (E.D.Pa.), *aff'd per curiam,* 324 F.2d 956 (3d Cir.1963), *cert. denied,* 377 U.S. 906, 84 S.Ct. 1166, 12 L.Ed.2d 177 (1964). Moreover, if Ms. Leslie is found to be a citizen of no state at the time plaintiffs instituted this action, she falls within an anomalous gap in the diversity statute which prohibits United States citizens who are domiciled abroad from suing or being sued in federal court based solely on diversity grounds. *Sadat v. Mertes,* 615 F.2d at 1180; *Fahrner v. Gentzsch,* 355 F.Supp. 349, 353 (E.D.Pa. 1972). *See generally* 13 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3621 (1975).

▮ If it is found that Ms. Leslie was not a citizen of any state when suit was filed, the fact that the plaintiffs and Africa Overseas are diverse is of no help to plaintiffs. Since *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806), courts have construed the diversity statute to require complete diversity, *i.e.,* that each plaintiff be diverse from each defendant. *Owen Equipment and Erection Co. v. Kroger,* 437 U.S. 365, 373, 98 S.Ct. 2396, 2402, 57 L.Ed.2d 274 (1978). This is true even where aliens are parties to the action. *Field v. Volkswagenwerk AG,* 626 F.2d 293, 296 (3d Cir. 1980); *Ed and Fred, Inc. v. Puritan Marine Insurance Underwriters Corp.,* 506 F.2d 757 (5th Cir.1975).[4]

▮ Thus, before this case can proceed to trial, the court must first determine whether it has jurisdiction.[5] Moreover, it is plaintiffs' burden to prove subject matter jurisdiction exists. *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir.), *cert. denied,* 449 U.S. 953, 101 S.Ct. 358, 66 L.Ed.2d 217 (1980). Accordingly, a hearing will be held to determine this court's jurisdiction, that is whether defendant Catherine S. Leslie was a citizen of any state on May 13, 1981, the date suit was commenced. If it is determined that she was not a citizen of any state, the action will be dismissed for lack of subject matter jurisdiction. If she is found to be a citizen of any state at that time, the court will then determine Kal-Sahara's former principal place of business. Should it be found to be in Pennsylvania, the court will next decide whether Kal-Sahara should be aligned as a plaintiff or a defendant. If Kal-Sahara is determined to be a plaintiff, this action will be dismissed for lack of subject matter juris-

---

**3.** To be a citizen of a state, a person must be domiciled there. In essence, the concept of domicile involves the determination that a person has a place of residence in a given place and that the person has a present intention to remain there and not move elsewhere. Put another way, the person must show an "attitude of attachment". *Avins v. Hannum,* 497 F.Supp. 930, 937 (E.D.Pa.1980). The factors in determining one's domicile are many:

> "current residence, voting registration and voting practices; location of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs, and other associations; place of employment or business; driver's license and automobile registration; payment of taxes; as well as several others."

*Id. quoting* 13 C. Wright, A. Miller & E. Cooper, *supra* § 3612, at 717.

**4.** In shareholder derivative suits, courts generally consider the citizenship of the shareholder plaintiff, in this case an alien, in deciding whether diversity exists. 13 C. Wright, A. Miller & E. Cooper, *supra,* § 3606 at 635–36.

**5.** Despite plaintiffs' counsel's contention at oral argument to the contrary, it is for the court and not the jury to decide whether it has jurisdiction even though it requires resolution of the factual dispute over Ms. Leslie's domicile. *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir.), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981).

diction. Alternatively, if it is determined that Kal-Sahara should be aligned as a defendant or, on the other hand, that its principal place of business was the District of Columbia, trial will begin immediately thereafter.