**K & H BUSINESS CONSULTANTS LTD., a United Kingdom Corporation, and K & H Computer Systems, Inc., a New Jersey Corporation, Plaintiffs,**

v.

**CHELTONIAN, LTD., a United Kingdom Corporation, and Cheltonian, Inc., a New Jersey Corporation, Defendants.**

Civ. A. No. 83–1886.

United States District Court, D. New Jersey.

July 20, 1983.

As Amended July 25, 1983.

---

Budd, Larner, Kent, Gross, Picillo & Rosenbaum by Samuel A. Larner, Newark, N.J., for plaintiffs.

Kalb, Friedman & Siegelbaum by James M. Andrews, Roseland, N.J., for defendants.

OPINION

DEBEVOISE, District Judge.

Plaintiffs, K & H Business Consultants, Ltd. ("K & H, Ltd."), an English corporation, and K & H Computer Systems, Inc. ("K & H, Inc."), a Delaware corporation, with its principal place of business in Sparta, New Jersey, filed suit in the Superior Court of New Jersey naming Cheltonian, Ltd., an English corporation, and Cheltonian, Inc., a Texas corporation, as defendants.

The complaint alleged that in 1977 K & H, Ltd. entered into an agreement with Cheltonian, Ltd. in which K & H, Ltd. granted Cheltonian, Ltd. the non-exclusive right to sell and lease (anywhere in the

---

world except North and South America and South Africa) the PROMINI computer system which K & H, Ltd. had developed. It further alleged that thereafter K & H, Ltd. assigned an exclusive license to K & H, Inc. to reproduce and sell the PROMINI system in North and South America and the Caribbean. Plaintiffs contend that Cheltonian, Ltd., and/or Cheltonian, Inc. have sold computer programs that incorporate elements of the PROMINI system in direct competition with plaintiffs and in violation of their 1977 agreement. Plaintiffs' complaint charges misappropriation of trade secrets, unjust enrichment, unfair competition, and tortious interference with prospective economic advantage.

Defendants filed a Petition for Removal pursuant to 28 U.S.C. § 1441 asserting diversity jurisdiction under 28 U.S.C. § 1332(a)(3). This section provides that federal courts have jurisdiction in civil suits where the amount in controversy exceeds $10,000 and the suit involves "citizens of different States and in which citizens or subjects of a foreign state are additional parties." Plaintiffs move to remand on the ground that diversity jurisdiction is lacking, contending that under controlling law diversity jurisdiction is destroyed when aliens are present on both sides of a controversy between diverse citizens of the United States. (Hereinafter the term "citizen" refers to a citizen of the United States and the term "alien" refers to a citizen or subject of a foreign state.)

The totality of the judicial power of the federal courts is conferred by Article III of the United States Constitution. Pertinent to this case is that portion of Section 2 of Article III which provides that "[t]he judicial power shall extend . . . to Controversies . . . between Citizens of different States . . . and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects." Congress has implemented this grant of judicial power in 28 U.S.C. § 1332

in which it defines (and limits) the diversity jurisdiction of the federal district courts.

The present case raises the question whether under the Constitution and under § 1332 the federal district court has jurisdiction to hear a case in which the citizen parties are diverse, but on each side of the case there is an alien. In order to answer this question it is necessary to review pertinent developments in the law dealing with actions in the federal courts in which aliens are parties.

Five situations have been dealt with by the courts or by statute: (i) actions between aliens alone (A v. A); [1] (ii) actions between aliens in which a citizen has been joined on one side or the other (e.g., A and C v. A); (iii) actions between a citizen and an alien (e.g., C v. A); (iv) diversity actions between citizens of different states with an alien on one side or the other (e.g., $C^1$ and A v. $C^2$); (v) diversity actions between citizens of different states with an alien on each side ($C^1$ and A v. $C^2$ and A). The latter situation is the one presented in this case.

### (i) A v. A

The Supreme Court has ruled that there is no federal jurisdiction over actions solely between aliens. *Sadat v. Mertes*, 615 F.2d 1176, 1183 (7th Cir.1980); *Kramer v. Caribbean Mills, Inc.*, 394 U.S. 823, 824 n. 2, 89 S.Ct. 1487, 1488 n. 2, 23 L.Ed.2d 9 (1969); *Jackson v. Twentyman*, 2 Pet. (27 U.S.) 136, 7 L.Ed. 374 (1829).

### (ii) C and A v. A

Notwithstanding the joinder of a citizen with an alien in an action in which an alien appears on each side, the courts have denied jurisdiction. *See, e.g., Ed and Fred, Inc. v. Puritan Marine Insurance*, 506 F.2d 757 (5th Cir.1975), *modified by, Goar v. Compania de Vapores*, 688 F.2d 417 (5th Cir.1982); *IIT v. Vencap, Ltd.*, 519 F.2d 1001 (2d Cir.1975); *Lavan Petroleum Co. v. Underwriters at Lloyds*, 334 F.Supp. 1069 (S.D.N.Y.1971).

---

1. In cases dealing with diversity jurisdiction all aliens, whatever their nationality, are deemed to be citizens of the same jurisdiction. Therefore in the formulations set forth above (e.g., A v. A) all aliens are given the same symbol (A) even though different aliens having different nationalities may be involved. On the other hand, citizens of different states of the United States are given different numbers to indicate differing state citizenship (e.g., $C^1$ v. $C^2$).

One rationale for this result has been that when there is an alien on each side, complete diversity is lacking, since for diversity purposes aliens are deemed to be citizens of a single state regardless of the number of foreign countries of which they are nationals. *Dadzie v. Leslie,* 550 F.Supp. 77, 79 (E.D.Pa.1982); *see Moore's Federal Practice,* Para. 0.75[1.–2] at p. 709.6. A better rationale might be that the mere joining of a citizen with an alien in a suit between aliens is too easy a subterfuge to evade the rule that federal courts do not have jurisdiction over actions between aliens.[2]

### (iii) C v. A

In 1875 the Judiciary Act of 1789 was amended to permit suits between citizens and aliens. *Field v. Volkswagenwerk AG,* 626 F.2d 293, 296 (3d Cir.1980); *Ryan v. Ohmer,* 233 F. 165, 166 (D.N.Y.1916). The current version of this provision is found in 28 U.S.C. § 1332(a)(2), as amended by the Foreign Sovereign Immunities Act of 1976, Pub.L. No. 94–583, § 3, 90 Stat. 2891. Section 1332(a)(2) provides in pertinent part:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between....

(2) Citizens of a State and citizens or subjects of a foreign state.

### (iv) $C^1$ v. $C^2$ and A

In 1948, § 1332(a)(3) was added to the Judicial Code. It provides that the district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds $10,000 and is between:

(3) Citizens of different States and in which citizens or subjects of a foreign state are additional parties.

Clearly this confers jurisdiction where there is an action between citizens of different states and an alien is joined as a party plaintiff or a party defendant, that is, $C^1$ v. $C^2$ and A, or $C^1$ and A v. $C^2$.

### (v) $C^1$ and A v. $C^2$ and A

■ The present case, however, goes one step further. Here in an action between diverse citizens an alien is named on each side of the case. This, plaintiffs contend, is not encompassed within the terms of § 1332(a)(3). It is their theory that since there is an alien on each side of the case diversity jurisdiction is lacking. Plaintiffs rely for authority on *Moore's Federal Practice* ¶ 0.75[1.–2] at p. 709.6; *Field v. Volkswagenwerk AG, supra;* and *Jet Traders Investment Corp. v. Tekair, Ltd.,* 89 F.R.D. 560 (D.C.Del.1981).

Section 1332(a)(3) has no counterpart in the Judicial Code before the Code's major revision in 1948. It was added to the Code to resolve the controversy which had developed over cases between diverse United States citizens in which an alien(s) had been joined to one of the United States citizens. *Moore's Federal Practice,* ¶ 0.75[1.–1] at p. 709.2; Wright, *Law of Federal Courts,* pp. 139, 149 (1983, 4th ed.); *Ryan v. Ohmer, supra.* J. Moore, *Moore's Judicial Code Commentary,* ¶ 0.03(25) at 154 (1949).

Legislative history of the revised § 1332 states that the intention was to cover "all diversity of citizenship instances in civil actions" including suits "between citizens of a State, and citizens of other states and foreign states." 28 U.S.C. *Judiciary and Judicial Procedure Authoritative Text and Legislative History,* p. 1834, (1948).

The language of § 1332(a)(3) was modified from that indicated in the legislative history to provide:

(a) the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000 exclusive of interest and costs, and is between....

(3) citizens of different states and in which citizens or subjects of a foreign state are additional parties....

Nothing in the legislative history indicates that the term "additional parties" means anything other than "citizens of foreign

---

**2.** It is yet to be determined by the Supreme Court whether the denial of subject matter jurisdiction in this type of case is based on constitutional or statutory grounds.

states" or that additional alien parties must be on *only* one side of the case.

Plaintiffs rely on broad language in *Moore's Federal Practice* which states, "When there are alien parties on both sides of the controversy jurisdiction will be found lacking even though they are citizens of different foreign countries." *Moore's, supra,* ¶ 0.75[1.–2] at p. 709.6. It would appear that Moore's statement was not made with respect to § 1332(a)(3), nor did it cite as authority any cases that involved disputes with diverse citizens on both sides of the controversy in combination with alien parties.

Section 1332(a)(3) was enacted to provide a federal forum for suits among diverse citizens in which aliens were also parties. 28 U.S.C. *Legislative History, supra.* It would be inconsistent with the intent of the provision to deny a federal forum to diverse citizens because aliens were present on both sides of the controversy. A better result is suggested by Wright and Miller's conclusion that "the language of Section 1332(a)(3) is broad enough to allow aliens to be additional parties on both sides of the controversy." Wright, Miller & Cooper, *Federal Practice and Procedure,* § 3604, at 609–610. Although plaintiffs discount Wright's conclusion because it is not supported by case law, it is only recently that courts have had occasion to interpret § 1332(a)(3). *See, e.g., Goar v. Compania, supra; Jet Traders Investment Corp. v. Tekair, Ltd., supra; Samincorp, Inc. v. Southwire Co.,* 531 F.Supp. 1 (N.D.Ga.1980).

Plaintiffs assert that the Third Circuit opinion in *Field v. Volkswagenwerk AG, supra,* controls the present case. However, the present case is clearly distinguishable both as to the nature of the parties in controversy and the statutory provision under which subject matter jurisdiction was asserted. The *Field* case involved an action between two aliens and an action between a United States citizen and an alien in which jurisdiction was asserted under § 1332(a)(2). In addition, the dicta cited by the plaintiffs indicating that the complete diversity requirement applies to "suits be-

tween aliens as well as to suits between citizens" was made in reference to § 1332(a)(2). *Field,* 626 F.2d at 296 n. 4.

Plaintiffs also find support for their interpretation of § 1332(a)(3) in *Jet Traders v. Tekair, supra.* In *Jet Traders,* the court, in response to a motion for permissive intervention, considered the effect of joining aliens to both sides of a dispute between diverse citizens. The court stated that subject matter jurisdiction would be destroyed under § 1332(a)(3) if aliens appeared on both sides of the controversy. I respectfully disagree with this interpretation of the statute and suggest that its finding was based on a misinterpretation and misapplication of *Field v. Volkswagenwerk AG, supra,* and *Hercules, Inc. v. Dynamic Export Corp.,* 71 F.R.D. 101 (S.D.N.Y.1976).

Plaintiffs' brief also cites as authority *Tsitsinakis v. Simpson, Spence & Young,* 90 F.Supp. 578, 579 (S.D.N.Y.1950). *Tsitsinakis* is based on language from a 1945 case. Since § 1332(a)(3) was not in existence before 1948, dicta in a 1945 case is not persuasive. Plaintiffs refer to *Lavan Petroleum v. Underwriters, supra.* In *Lavan,* United States citizens joined with Iranians as plaintiffs against an English defendant. The Court noted that under § 1332(a)(3), had there been diversity between the citizens on both sides of the dispute, the presence of an alien plaintiff would be immaterial. *Lavan,* 334 F.Supp. at 1071. Plaintiffs in the present case urge that the dicta in *Lavan* implies that aliens may *only* be on one side of the controversy under § 1332(a)(3). I do not think that the dicta in *Lavan* necessitates that interpretation.

Defendants rely on *Samincorp v. Southwire, supra,* in which the Georgia District Court held that diversity jurisdiction under § 1332(a)(3) was not destroyed when aliens were present on both sides of the controversy. The Fifth Circuit decision in *Goar v. Compania, supra,* appears to support the *Samincorp* holding. In *Goar,* the Fifth Circuit stated that section 1332(a)(3) "may also have the effect of retaining federal jurisdiction when there is complete diversity between the United States citizens involved in

424

an action and there are foreign subjects among the parties on both sides." *Goar,* 688 F.2d at 420 n. 6. The Court of Appeals decision is especially significant because it modifies its previous dicta in *Ed and Fred, Inc., supra,* that aliens may not be on both sides of the controversy pursuant to section 1332(a)(2).

On the basis of the preceding analysis, I conclude that the court has jurisdiction of the present controversy pursuant to 28 U.S.C. § 1332(a)(3).

Finding that § 1332(a)(3) does not preclude federal subject matter jurisdiction of an action between diverse citizens in which aliens have been joined on both sides of the controversy, is not intended to suggest that in an action in which principal adverse parties are aliens, federal jurisdiction can be conferred by joining diverse United States citizens who do not have a legitimate interest in the controversy. *See Wright, Miller & Cooper, supra,* § 3604. However, this is not the situation in the present case.

As set forth in the plaintiffs' complaint, K & H, Inc. is the exclusive licensee of the PROMINI system in the United States. It requires no stretch of the imagination to view K & H, Inc. as a legitimate adverse party. Plaintiffs' complaint also alleges that Cheltonian, Inc. and/or Cheltonian, Ltd. sold a program incorporating PROMINI trade secrets. If the plaintiffs had brought an action only against the English corporation, defendants could not have removed pursuant to section 1332(a)(3). However, plaintiffs in utilizing the broad joinder of parties permitted under Fed.R. Civ.P. 20 joined a United States citizen, Cheltonian, Inc. As the plaintiffs correctly assert, the "frame of reference" for removal jurisdiction is a plaintiff's complaint. There is no basis in plaintiffs' complaint for a determination that Cheltonian, Inc. is not a legitimate adverse party or was collusively joined for jurisdictional purposes. I find that the United States citizen corporations in this dispute are adverse parties with legitimate interests in the controversy so as to support subject matter jurisdiction under 28 U.S.C. § 1332(a)(3).

For the foregoing reasons, plaintiffs' motion to remand the action to the State court will be denied.