I.H. PRESTON, d/b/a Holiday Crossing

v.

CIGNA PROPERTY AND CASUALTY INSURANCE COMPANY, and Judy McElveen.

Civ. No. 2:92–CV–0007–WCO.

United States District Court, N.D. Georgia, Gainesville Division.

March 19, 1992.

Thomas P. Knox, Cumming, Ga., for plaintiff.

Kenneth A. Hindman, Atlanta, Ga., for defendants.

### ORDER

O'KELLEY, Chief Judge.

The captioned case was removed from the State Court in Forsyth County, Georgia to this court purportedly on the basis of diversity jurisdiction. The court became concerned that the court may not have subject matter jurisdiction when a motion to disregard the citizenship of defendant Judy McElveen appeared on the docket. The court also noted that the plaintiff had not filed a response or a motion to remand. The court immediately scheduled a conference with the attorneys in order to resolve the issue of whether the court had subject matter jurisdiction in this case. A conference was held in Gainesville on March 6, 1992 with attorneys for the defendant present and attorney for the plaintiff on a conference telephone.

At the conference, the defendants withdrew their contention that plaintiff joined defendant McElveen solely to defeat diversity jurisdiction thereby waiving the claim that defendant McElveen was fraudulently joined. Counsel further indicated that the parties had stipulated and agreed that the case should proceed in federal court. Counsel for the plaintiff also told the court that his client does not wish to voluntarily dismiss defendant McElveen. Yet it is clear from the pleadings that there is not complete diversity; plaintiff and defendant McElveen are both Georgia residents.

 Very early in the judicial history of this country, the Supreme Court established the rule of complete diversity in *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). This rule requires that all plaintiffs and all defendants must be of different citizenships. *Ed and Fred, Inc. v. Puritan Marine Ins. Underwriters Corp.*, 506 F.2d 757 (5th Cir.1975). Moreover, the question of subject matter jurisdiction can be raised by any party or by the court itself, at any point of a proceeding. *Love v. Turlington*, 733 F.2d 1562, 1564 (11th Cir.1984).

 Here, the captioned case was removed pursuant to 28 U.S.C. § 1441(a) which allows the defendant to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" to the "district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). 28 U.S.C. § 1447(c) states, in part: "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added).

The parties now request that the court disregard the citizenship of defendant McElveen because both parties now wish to proceed in federal court, and they have, in fact, agreed to proceed in federal court. However, it is well established that parties cannot confer subject matter jurisdiction upon a federal court by agreement, consent or waiver. *See e.g., Bush v. U.S.*, 703 F.2d

491 (11th Cir.1983). The court is concerned that the parties are attempting to waive subject matter jurisdiction in contravention of a well established rule of law.

The court finds that it cannot disregard the citizenship of defendant McElveen on the grounds that her citizenship is not an issue being contested by the plaintiff and both parties agree the case should be tried in federal court.[1] The court finds there is not complete diversity in the above-captioned case and, therefore, the court lacks subject matter jurisdiction. Accordingly, the above-captioned case is REMANDED sua sponte for lack of subject matter jurisdiction to the State Court in Forsyth County, Georgia.

IT IS SO ORDERED.

---

1. *See* Joint Stipulation in Support of Defendant's Removal Petition, paragraph 2 and 3.