Ricardo HERNANDEZ CASTELLANOS, et al., Plaintiffs,

v.

BRIDGESTONE CORP., et al., Defendants.

No. CIV.A. L–02–38.

United States District Court, S.D. Texas, Laredo Division.

July 9, 2002.

Memorandum and Order on Reconsideration July 22, 2002.

William R. Edwards, Sr., The Edwards Firm, Corpus Christi, TX, for plaintiffs.

Trek C. Doyle, Delgado Acosta et al., Michael Wayne Eady, Brown, McCarroll LLP, Austin, TX, James K. Jones, Jr., Jones & Gonzalez, Richard E. Sames, Sames & Werstak, Laredo, TX, Knox D. Nunnally, Vinson & Elkins, Houston, TX, for defendants.

## MEMORANDUM AND ORDER

KAZEN, Chief Judge.

This negligence and products liability case was filed in the 111th District Court of Webb County, Texas, on December 20, 2001. It was removed by Defendants on March 5, 2002, on the basis of federal diversity jurisdiction.[1] Pending is Plaintiffs' Amended Motion to Remand (Docket No. 4). Plaintiffs contend that the Court lacks subject-matter jurisdiction because there is no diversity among the parties, and that removal was defective because one of the removing defendants, Sames Motor Co., Inc. ("Sames") is a citizen of Texas. *See* 28 U.S.C. § 1441(b). Defendants counter that Sames was fraudulently joined, and therefore should be ignored, and that diversity exists among the remaining parties. For reasons hereinafter discussed, Plaintiffs motion is DENIED.

*The citizenship of the parties*

Plaintiffs' state court petition alleges that Ricardo Hernandez and Margarita

---

1. Plaintiffs do not question the timeliness of the removal.

Oretega de Hernandez are Mexican nationals who, at the time of the accident, "resided" in Webb County, Texas. They sue individually, and as representatives and next friends of their children: Valeria Hernandez (deceased), a minor who was a U.S. citizen and resident of Webb County at the time of her death; Luis Ricardo Hernandez, a minor who is a Mexican national and "resided" in Webb County at the time of the accident; Eva Fernanda Hernandez, who is a U.S. citizen and resided in Webb County at the time of the accident.[2]

The citizenship of Defendants is as follows: Bridgestone Corp. is a citizen of Japan; Bridgestone/Firestone, Inc., is a citizen of the States of Ohio and Tennessee; Ford Motor Company is a citizen of the States of Delaware and Michigan; Sames is a citizen of Texas.

Two relatively recent Fifth Circuit decisions inform the validity of Sames' joinder in this case. In *Cavallini v. State Farm Mutual,* 44 F.3d 256 (5th Cir.1995), the court considered a pleading asserting claims for breach of contract and the duty of good faith and fair dealing. The pleadings made no specific actual allegations against the local defendant. *Id.* at 260–261. The court stressed the importance of determining removal jurisdiction on the basis of the claims in the state court pleadings as they existed at the time of removal, *id.* at 262, and those pleadings were deemed inadequate. Later, in *Griggs v. State Farm,* 181 F.3d 694 (5th Cir.1999), the court considered pleadings which alleged that the "defendants," through a local agent, issued an insurance policy. The

remaining allegations, although referring to the "defendants," described conduct that could "in no way" be attributed to the local defendant. *Id.* at 699. In *Griggs,* the plaintiff made the same argument made by the Plaintiffs in the instant case, namely that Texas law requires only "notice pleading." *Id.* The Fifth Circuit declined to "expand the concept of notice pleading this far," citing *City of Alamo v. Casas,* 960 S.W.2d 240, 251–52 (Tex.App.—Corpus Christi 1997, writ denied) for the proposition that the petition must at least provide sufficient factual information to enable the defendant to prepare a defense. The Fifth Circuit concluded that a pleading which "fails to state any specific actionable conduct ... whatsoever" against a local defendant could not meet even "the liberalized requirements that permit notice pleading." *Id.* In a Texas case before *Casas,* the court held that pleadings in a negligence case fail where "there has been no allegation of a crucial element of the cause of action such as facts or circumstances from which it could be found that the defendant breached any duty owed, or any act or omission that could constitute negligence." *Rodriguez v. Yenawine,* 556 S.W.2d 410, 414 (Tex.App.—Austin 1977, n.w.h.).

Plaintiffs' pleadings similarly do not meet even "the liberalized requirements" under notice pleading. In fact, Plaintiffs' invocation of the notice pleading concept is somewhat disingenuous. Plaintiffs' state court petition consumes 21 pages. The products liability claim consists of some eight pages, alleging in considerable detail the nature of the defects in the products.[3] Then, on page 14, paragraph 36, the petition sets forth one terse, conclusory state-

---

**2.** Neither the petition nor anything else in the record indicate whether the Mexican Plaintiffs are "permanent residents" for purposes of 28 U.S.C. § 1332(a). Likewise, there is no allegation of Plaintiffs' residence at the time the petition was filed. *See Coury v. Prot,* 85

F.3d 244, 248–249 (5th Cir.1996). These matters do not affect the Court's decision.

**3.** Plaintiffs concede that they intend no products liability claim against Sames.

ment that "the defendants, and each of them, were guilty of acts of omission and commission" constituting negligence. This paragraph appears to be in the nature of an introduction to the actual negligence claims. Thus, there immediately follow over two pages of detailed negligence allegations against the Bridgestone Defendants and another two-plus pages of detailed negligence accusations against Ford. None of these factual allegations support a negligence claim against Sames.

In their amended remand motion, at paragraph 3, Plaintiffs explain this discrepancy by asserting that much of the tortious conduct of Ford and Bridgestone "has already come to light" and that the allegations of Sames' negligence "are not detailed" because there has been "no discovery in this case yet." To say that the allegations against Sames are "not detailed" is a serious understatement. There are no alleged facts whatever to support a negligence claim against Sames. The excuse of "no discovery" is odd since Plaintiffs, at paragraph 2 of the amended remand motion, now propose the theory—apparently without discovery—that "in the course of servicing the Explorer and its tires, Sames failed to detect the incipient tread separation." Even assuming that Sames could be liable for failing to discover "incipient tread separation" during some unspecified "servicing" of the Explorer,[4] there is simply nothing in the pleadings at the time of removal to give Sames any warning of this theory of negligence. The Court can consider post-removal evidence in determining whether removal was proper, "but only to the extent that the factual allegations in [the] affida-

vit clarify or amplify the claims actually alleged" in the pleadings at the time of removal. *Griggs,* 181 F.3d at 700. Here, there is no affidavit of new facts but only unsworn statements by Plaintiffs' attorney. In any event, the belated assertion of Sames' failure to inspect tires does not amplify or clarify anything in the pleadings. The Court concludes that Sames has been fraudulently joined, and it will be dismissed from this case.

*Jurisdiction over the Remaining Parties*

Ricardo Hernandez and Margarita Ortega de Hernandez are either Mexican citizens or "deemed" Texas citizens. *See infra* note 2. Nevertheless, Plaintiffs clearly are citizens of Texas in their capacities as representatives of the estate of Valeria Hernandez, and as next friends of Eva Fernanda Hernandez, both of whom are Texas citizens. 28 U.S.C. § 1332(c)(2).

The Court will assume for this motion that Bridgestone Corp. is a proper party, thus avoiding the question of personal jurisdiction for the time being. *See Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 586–88, 119 S.Ct. 1563, 1571–72, 143 L.Ed.2d 760 (1999). Without Sames, the posture of the case is that Plaintiffs include citizens of a State (Texas) and probably also citizens of a foreign state (Mexico), and Defendants are citizens of several States (Michigan, Delaware, Ohio, Tennessee) and of a foreign state (Japan). In this scenario, diversity jurisdiction exists under 28 U.S.C. § 1332(a)(3), which by its plain reading creates federal diversity when the action lies between citizens of different states and where aliens are "additional parties."[5] Plaintiffs object that such a

**4.** The case of *Dico Tire, Inc. v. Cisneros,* 953 S.W.2d 776 (Tex.App.—Corpus Christi 1997, pet. denied), cited by Plaintiffs, is totally irrelevant. The case of *Sell v. C.B. Smith Volkswagen,* 611 S.W.2d 897 (Tex.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.) merely

discusses the framing of special issues on a theory of negligent failure to discover a defective tire during inspection. The jury in that case found for the defendant.

**5.** If the adult Plaintiffs were "deemed" Texas citizens, *see infra* note 2, then this would be a

reading is contrary to Fifth Circuit authority, which generally adheres to the rule of complete diversity, mandating "no diversity where there are foreign parties on both sides." *Grassi v. Ciba–Geigy, Ltd.*, 894 F.2d 181, 182 (5th Cir.1990). *See also, Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1298 (5th Cir.1985); *Ed & Fred, Inc. v. Puritan Marine Ins. Underwriters Corp.*, 506 F.2d 757, 758 (5th Cir.1975). None of these cases cited by Plaintiffs involved the situation described in § 1332(a)(3), *i.e.*, citizens of diverse States on both sides of the case.

The Fifth Circuit has never definitively addressed this section of § 1332. In *Goar v. Compania Peruana de Vapores*, 688 F.2d 417 (5th Cir.1982), however, the court noted in a footnote that " § 1332(a)(3) may ... have the effect of retaining federal jurisdiction when there is complete diversity between the United States citizens involved in an action but there are foreign subjects among the parties on both sides." *Id.* at n. 6. That observation was not crucial to the case, which, like the Plaintiffs' cases, involved the question of whether aliens on both sides of the litigation destroys diversity under § 1332(a)(2). In *Chick Kam Choo v. Exxon Corp.*, 764 F.2d 1148 (5th Cir.1985), the court noted the *Goar* language but found it "inapplicable in this case because United States citizens are not on both sides of the controversy." *Id.* at n. 1. The *Goar* dicta has been cited as precedential by other circuit courts which have squarely addressed the issue. *See Dresser Indus. v. Underwriters at Lloyd's of London*, 106 F.3d 494 (3rd Cir. 1997); *Transure, Inc. v. Marsh and McLennan, Inc.* 766 F.2d 1297, 1298 (9th Cir.1985). *See also Allendale Mutual Insur. Co. v. Bull Data Sys., Inc.* 10 F.3d 425, 428 (7th Cir.1993). All three decisions hold that § 1332(a)(3) abrogates the complete diversity requirement when there is simple case of Texas citizens versus citizens of

diversity of State citizens in the case. District courts have interpreted § 1332(a)(3) in like fashion. *See, e.g., Columbraria Ltd. v. Pimienta*, 110 F.Supp.2d 542, 545 (S.D.Tex.2000); *K & H Business Consultants Ltd. v. Cheltonian, Ltd.*, 567 F.Supp. 420, 420–424 (D.N.J.1983).

The Third Circuit has furnished the most complete analysis of the issue. That court held that "while a conclusion that the presence of aliens on both sides of the controversy defeats jurisdiction may be sound under section 1332(a)(2) ... such a conclusion is inconsistent with the plain language of 1332(a)(3)." *Dresser Indus.*, 106 F.3d at 499. Rejecting any ambiguity in the statutory language, and hence the need to examine legislative history, the court indicated that "section 1332(a)(3) can best be understood as a congressional abrogation of the complete diversity rule." *Id.* at 498.

*Conclusion*

Diversity jurisdiction exists in this case and removal was proper. The remand motion is DENIED. The Judicial Panel on Multidistrict Litigation is currently deciding whether to transfer this case to the United States District Court for the Southern District of Indiana. Pending that decision, it would be inappropriate for the parties here to pursue independent discovery as to whether Defendant Bridgestone is amenable to personal jurisdiction in the United States. That issue will permeate all these Bridgestone cases, and the purpose of MDL proceedings is to consolidate discovery on common issues. Accordingly, Plaintiffs' motion for a scheduling order (Docket No. 3) is DENIED. The motion for expedited ruling (Docket No. 6) is also DENIED as moot. Defendants' motion to stay further pretrial proceedings (Docket No. 7) is GRANTED. Defendant Bridge-

other States and an alien under § 1332(a)(2).

stone's motion to dismiss (Docket No. 10) is DENIED without prejudice pending a decision on the MDL transfer.

### MEMORANDUM AND ORDER ON RECONSIDERATION

In response to the Court's Memorandum and Order of Dismissal of July 8, 2002, Plaintiffs have filed a motion for reconsideration and also a motion for leave to file an amended original petition (Docket Nos. 15–16). These motions misconstrue the Court's earlier decision. Plaintiffs cite settled law to the effect that defects in pleadings can generally be corrected by amendment. However, the Court was not previously dealing with a Rule 12(b)(6) motion. Instead, the Court was determining whether it had jurisdiction over this case. Specifically, the Court was considering whether, in the posture of the case at the time of removal, the Plaintiffs had any viable cause of action against Defendant Sames Motor Company, Inc. Plaintiffs now tender a more detailed pleading of their theory that Sames had negligently failed to inspect tires. For removal purposes, however, the general rule is that post-removal events, specifically including tendered amended complaints, cannot be considered. *Cavallini v. State Farm Mutual,* 44 F.3d 256, 264 (5th Cir. 1995). For that reason, Plaintiffs' cases discussing liberal amendment policies outside the removal context are not pertinent. Similarly, the case of *Cobb v. Delta Exports, Inc.,* 186 F.3d 675 (5th Cir.1999) is also irrelevant. That case dealt with an explicit statutory provision, 28 U.S.C. § 1447(e), dealing with the effect of post-removal joinder of a new party who destroys diversity. There is no new party here. Instead, the issue before the Court was whether Plaintiffs' belated theory of failure to inspect could fairly be considered as a mere clarification or amplification of claims alleged at the time of removal. *Griggs v. State Farm Lloyds,* 181 F.3d

694, 700 (5th Cir.1999). The Court answered that question in the negative, as the Plaintiffs' original pleadings did not contain even a hint of such a theory. The Court now reaffirms that conclusion.

While the caselaw is not entirely clear on the mechanics of dispensing with fraudulently joined defendants, the Court did not intend Sames' dismissal to be a ruling on the merits and now clarifies that the dismissal was without prejudice. Sames was a fraudulently joined party because Plaintiffs had not sufficiently stated any valid claim against it as of the time this case was removed. The case now proceeds in federal court without Sames, but Plaintiffs are free to pursue their negligent claims against Sames in state court.

The motions are DENIED.