SCHIFF CO. *v.* PECK DRUG STORES, INC.

1. ACTION—TRANSITORY SUBJECT MATTER.
   Suit involving cancellation of lease of real estate on ground of fraud involves contractual rights between the parties, not title to the property, hence the subject matter is not local but transitory.

2. VENUE—TRANSITORY ACTION.
   Suit must be brought in county where one of the parties in interest resides where the subject matter is not local (3 Comp. Laws 1929, § 13997, subd. 12, as amended by Act No. 225, Pub. Acts 1931).

3. CORPORATIONS—TRANSITORY ACTION—VENUE.
   Foreign corporation without legal residence in this State, in suing domestic corporation on a transitory cause of action, must bring suit in county in which defendant has its legal residence (3 Comp. Laws 1929, § 13997, subd. 12, as amended by Act No. 225, Pub. Acts 1931).

Appeal from Washtenaw; Sample (George W.), J. Submitted October 20, 1936. (Docket No. 61, Calendar No. 39,134.) Decided December 28, 1936.

Bill by Schiff Company, an Ohio corporation, against Peck Drug Stores, Inc., a Michigan corporation, to cancel or modify a lease, for an injunction and other relief. Bill dismissed. Plaintiff appeals. Affirmed.

*William M. Laird,* for plaintiff.

*Roscoe O. Bonisteel* (*Taggart & Kingston* and *Alexis J. Rogoski,* of counsel), for defendant.

TOY, J. Plaintiff, an Ohio corporation engaged in the business of operating chain retail shoe stores, filed its bill in the circuit court for the county of

Washtenaw in chancery against defendant, a Michigan corporation with its offices in the city of Grand Rapids, Kent county, seeking cancellation or modification of a 20-year lease of certain real estate located in the city of Ann Arbor, Washtenaw county, entered into on July 8, 1929, between defendant as lessor and plaintiff as lessee. The bill alleges that the lease was procured through fraud and misrepresentation upon the part of defendant, and makes several specific allegations of such fraud and misrepresentation, which are not necessary here to be repeated.

In addition to cancellation or modification of the lease, plaintiff seeks recovery of the damages which it allegedly sustained because of the condition of the property it leased. Further it seeks to restrain by injunction a suit at law to collect rents, claimed to be due under said lease, commenced by defendant against it in the circuit court for Kent county and there pending.

Defendant filed a motion to dismiss the bill of complaint and to dissolve the temporary injunction theretofore issued, which motion the court granted, basing its decision upon the following grounds urged by defendant, as appears from the opinion of the circuit judge:

"It is my opinion that the court has no jurisdiction to entertain the suit on behalf of the plaintiff for the reason that the suit is not authorized by 3 Comp. Laws 1929, § 13997; and for the further reason that the circuit court for Kent county is already seized with jurisdiction over the parties and the subject matter of this suit which in the opinion of this court is of transitory and not of a local nature."

Plaintiff appeals from the order granting such motion.

Did the circuit court in chancery for Washtenaw county have jurisdiction? Paragraph 12 of 3 Comp. Laws 1929, § 13997, as amended by Act No. 225, Pub. Acts 1931, in so far as here applicable, provides:

"Every suit in chancery shall be commenced in the circuit court for the county in which the property in dispute is situated, if the subject matter is local, and if it is not local, in the county where one of the parties in interest resides, if either is a resident of the State."

The subject matter of this suit is the cancellation of the lease on the ground of fraud. It involves contractual rights between the parties. It does not involve the title to the property. The subject matter is therefore not local, but transitory. *Dunnebacke* v. *Railway Co.,* 248 Mich. 450; *Reed* v. *Bird,* 239 Mich. 32; *Roberts* v. *Roberts,* 124 Mich. 414.

The subject matter not being local the suit must be brought in the county where one of the parties in interest resides. 3 Comp. Laws 1929, § 13997, as amended.

The defendant has its residence in Grand Rapids in Kent county. The plaintiff is a foreign corporation without legal residence in the State. Therefore the suit must be brought in Kent county. It was improperly brought in Washtenaw county.

The decree of the circuit court in chancery dismissing the bill on this ground was correct and is affirmed.

In view of our decision it is not necessary to discuss the other questions raised. Costs to appellee.

North, C. J., and Fead, Wiest, Butzel, Bushnell and Sharpe, JJ., concurred. Potter, J., did not sit.