**AMERICAN LOUISIANA PIPE LINE COMPANY, a Delaware corporation, Plaintiff,**

v.

**GULF OIL CORPORATION, a Pennsylvania corporation, Defendant.**

**Civ. A. No. 16427.**

United States District Court
E. D. Michigan S. D.

Dec. 30, 1957.

A. D. Ruegsegger, Detroit, Mich., Charles V. Shannon, Washington, D. C., Arthur R. Seder, Jr., Chicago, Ill. (Sidley, Austin, Burgess & Smith, Chicago, Ill., May, Shannon & Morley, Washington, D. C., Dyer, Meek, Ruegsegger & Bullard, Detroit, Mich., of counsel), for plaintiff.

Merle E. Minks, Houston, Tex., Jesse P. Luton, Jr., Fort Worth, Tex., Laurence M. Sprague, Fischer, Sprague, Franklin & Ford, Detroit, Mich. (Charles E. McGee, Washington, D. C., of counsel), for defendant.

LEVIN, District Judge.

On December 7, 1955 the plaintiff, American Louisiana Pipe Line Company, entered into a contract with the Gulf Refining Company, a wholly-owned subsidiary of the Gulf Oil Corporation, the defendant in this action, whereby the Gulf Refining Company agreed to sell, and the plaintiff agreed to buy, specified quantities of natural gas to be delivered at the tail gate of the plant of Gulf Refining Company in the Krotz Springs Field, St. Landry Parish, Louisiana. Some time subsequent to December 7, 1955 the defendant acquired the producing properties and assumed the liabilities of its subsidiary, the Gulf Refining Company, and the subsidiary was dissolved.

The provisions of the contract with which we are here concerned are as follows:

*Article V, Paragraph 3*

"Seller agrees to file with the Federal Power Commission and to prosecute with due diligence an application for a Certificate of Public Convenience and Necessity authorizing Seller to initiate and carry on the sale of gas contemplated herein."

*Article V, Paragraph 5*

"Buyer agrees to file with the Federal Power Commission and to prosecute with due diligence an application for such authority as may be necessary to enable it to expand the certificated capacity of its line to accept and transport the quantities of gas to be purchased hereunder, and the obligations of the Seller and the Buyer hereunder are conditioned upon the obtaining of such authority."

*Article V, Paragraph 6*

"If either party shall fail to obtain requisite authority from the Federal Power Commission within six months after making application

therefor, the other party may cancel this contract."

On November 15, 1956 defendant notified the plaintiff that it was cancelling the contract on the ground that the plaintiff did not obtain the "requisite authority" within six months from the date of the application therefor, as required by the contract. The plaintiff states that it received the "requisite authority" within the meaning of the contract when it was granted a temporary certificate of public convenience and necessity on August 8, 1956, and alleges further that the defendant is by its conduct estopped to cancel the contract.

Plaintiff brought this action for a determination that defendant's attempted cancellation of the contract was unlawful and that the court direct defendant specifically to perform the contract. On April 22, 1957 plaintiff amended its complaint limiting the requested relief to a declaration under the Federal Declaratory Judgment Act, 28 U.S.C. Sec. 2201, that defendant's attempted cancellation of the contract was "unlawful, void, and of no effect."

The County of Wayne moved to intervene for the protection of the gas-consuming public.

Defendant moved to dismiss the action for want of jurisdiction, contending that the Federal Declaratory Judgment Act does not confer jurisdiction on this court and that, in any event, this action affects rights in real property in the State of Louisiana and is therefore a local action which cannot be maintained in a United States District Court in Michigan. In the alternative, defendant moves to transfer the case to the United States District Court for the Western District of Louisiana, for the convenience of the parties' witnesses and in the interest of justice, pursuant to 28 U.S.C. Sec. 1404(a).

Jurisdiction in this action is sustained on the basis of diversity of citizenship. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194. Defendant's motion to dismiss, therefore, rests on the validity of its contention that this action is a local action since it affects the right, title or interest in real property in the State of Louisiana.

The basic question here involves the construction of a contract; that is, whether the defendant had the right to cancel its contract with the plaintiff. The contract was accepted in Michigan and therefore is to be considered as made in Michigan. Transit Bus Sales v. Kalamazoo Coaches, Inc., 6 Cir., 145 F. 2d 804. The Supreme Court of Michigan has decided that the validity and construction of a contract is to be determined by the law of the place where the contract is made. Millar v. Hilton, 1915, 189 Mich. 635, 135 N.W. 574.

The determination of the issue here raised will in no way affect any right, title or interest in Louisiana real property. The action, therefore, is not a local action under Michigan law and may be tried in state or federal courts in Michigan. Said the Supreme Court of Michigan in Schiff Co. v. Peck Drug Stores, Inc., 1936, 278 Mich. 432, 434, 270 N.W. 738, 739:

> "The subject matter of this suit is the cancellation of the lease on the ground of fraud. It involves contractual rights between the parties. It does not involve the title to the property. The subject matter is therefore not local, but transitory."

I do not consider this a proper case for transfer under 28 U.S.C. Sec. 1404(a). During oral argument defendant's counsel conceded that it would be as convenient, as far as the parties and witnesses are concerned, to try the case here as in Louisiana; and no reason appears why it would not be in the interest of justice to try the case in this court.

Perhaps I ought to say a word in connection with the point urged by the defendant that this court should grant the motion to transfer for the additional reason that if the court holds the defendant had no right to cancel the contract, the plaintiff might have to bring suit for specific performance which would have to be tried in Louisiana. It is not for me to assume that the defendant will not

carry out its contractual obligations if this court should find defendant's attempted cancellation was unlawful and, in any event, this may not be considered in making a determination of the motion to transfer.

The motion of County of Wayne, Michigan, to intervene is denied. This controversy, unlike Federal Power Commission proceedings, involves a dispute as to the terms of a contract between private parties and not a supervision of the nation's power resources. The gas-consuming public, therefore, is not an appropriate party in this proceeding.

An order consistent with the views here expressed may be presented for signature.