**CENTRAL TRANSPORT, INC., Plaintiff,**

v.

**THEURER, INCORPORATED, Defendant.**

Civ. No. 76–71823.

United States District Court, E. D. Michigan, S. D.

April 15, 1977.

Alvin O. Brazzell, Dykema, Gossett, Spencer, Goodnow & Trigg, Detroit, Mich., for plaintiff.

Lloyd C. Fell, Bodman, Longley, Bogle & Dahling, Detroit, Mich., for defendant.

## MEMORANDUM OPINION

CHURCHILL, District Judge.

The defendant's motion to dismiss for lack of personal jurisdiction or, in the alter-

native, a motion for change of venue was taken under advisement.

The plaintiff, Central Transport, Inc., is a Michigan corporation whose primary business is hauling personal property. GLS LeasCo., Inc. ("GLS") is also a Michigan corporation, whose primary business is the owning and leasing of cartage equipment. Central Transport and GLS are affiliated corporations in that there is a mutual ownership of stock. The defendant, Theurer, Incorporated, is a New Jersey trailer manufacturing corporation.

Through one Dick Kline, who held himself out as a special sales representative for Theurer, Theurer negotiated with GLS to sell GLS 600 trailers to be manufactured by Theurer, at a total contract price in excess of $6.5 million. In anticipation of reaching an agreement, Central Transport shipped or caused to be shipped 530 pneumatic rubber ties to Theurer in New Jersey. Theurer accepted delivery of these tires, which were to be attached to the completed trailers, and which had a value in excess of $46,000. When the negotiations terminated without a completed contract, the tires remained in Theurer's possession in New Jersey. Central Transport then filed the instant action seeking recovery of the tires.

### Personal Jurisdiction

■ In order to resolve the issue of personal jurisdiction, the Court must determine whether there are sufficient minimal contacts between the defendant and the forum state to validly bind the defendant should a judgment be entered. The Court determines that while it clearly does not have general personal jurisdiction over Theurer, it does have limited personal jurisdiction. The Michigan statute provides that a court has limited personal jurisdiction over a corporate defendant when the corporation through its agent transacts any business within the state.[1] The Michigan

long-arm statute is interpreted as being the broadest grant of jurisdiction consistent with due process. *Mad Hatter, Inc. v. Mad Hatters Night Club Co.,* 399 F.Supp. 889 (E.D.Mich.1975); *Sifers v. Horen,* 385 Mich. 195, 188 N.W.2d 623 (1971). While Kline's affidavit asserts that he is merely an independent contractor, under the circumstances of this case he was acting as a sales representative on behalf of Theurer. This fact, along with the fact that the contract negotiations took place in Michigan and that Theurer accepted delivery of the tires, supply sufficient contacts with Michigan to establish limited personal jurisdiction.

### Service of Process

While there was originally a question of effective service of process, a second amended complaint has been filed, with new service on the controller of Theurer. Theurer has not challenged service of this second amended complaint, and therefore, the issue is not now before the Court.

### Venue

■ Since this is a diversity action, the general venue provisions of 28 U.S.C. § 1391(a) and (c) apply:

"(a) A civil action where jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose.

\*  \*  \*  \*  \*  \*

"(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

Nevertheless, the federal courts have consistently held that in a local action venue is

---

1. "The existence of any of the following relationships between a corporation or its agent and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise limited personal jurisdiction over such corporation and to enable such

courts to render personal judgments against such corporation arising out of the act or acts which create any of the following relationships: (1) The transaction of any business within the state.  \*  \*  \*"  M.C.L.A. § 600.715 (1968).

only proper where the *res* is located. *Moore's Federal Practice* ¶ 0.142[2.–1], and cases cited therein at footnote 4. The distinction between local and transitory actions is stated by Professor Moore as follows:

"The true distinction between a local action and a transitory action is the distinction between an action *in rem* and one *in personam*. The character of the remedy sought should be determinative. If a plaintiff, asserting rights involving property, seeks a remedy in or to that property which requires the court to have jurisdiction over the res to afford the relief sought then the action is *in rem* and local. The property must of necessity be subject to the jurisdiction of a court having power and control over the res; and, since *in rem* service of process is all that is needed for the court to proceed, the venue just stated is a practical one that permits of adjudication. A transitory action, on the other hand, is one in which the plaintiff seeks a personal judgment against the defendant; and, so far as jurisdiction is concerned, may be brought before any competent court having subject matter jurisdiction and *in personam* jurisdiction over the defendant. Venue, of course, may restrict the choice of courts which the plaintiff would otherwise have." *Id.,* 1362–63 (citations omitted).

See also 15 Wright, Miller, and Cooper, *Federal Practice and Procedure:* Civil § 3822.

In this case the plaintiff has captioned its complaint "Second Amended Complaint for Replevin." The ad damnum clause seeks "judgment against Theurer . . . for the possession of said property and for damages caused by its unlawful detention." According to *American Jurisprudence,* an action for replevin is primarily an *in rem* action for the return of the property, although it has some characteristics of an *in personam* action in that incidental damages caused by the unlawful detention may be recovered. 66 *Am.Jur.2d* Replevin § 3.

■ Since the nature of the remedy sought controls the character of the action, see *Moore, supra,* this Court must analyze the instant lawsuit in terms of the state substantive law, to determine whether the action is local or transitory in nature.[2]

The primary relief sought is the physical possession of the tires. In Michigan, statutory replevin procedures have been largely replaced by an action for claim and delivery, governed by Michigan court rule. G.C. R.1963, 757. The rules contemplate a physical seizure of the goods by an officer under controlled circumstances upon the posting of a bond but prior to a judicial determination on the merits.

■ It is therefore determined that the lawsuit is local in nature and that venue is proper only in the district where the tires are located. This case is distinguishable from *Steel Motor Service, Inc. v. Zalke,* 212 F.2d 856 (6th Cir. 1954). There, the goods were located in Chicago, but the defendant had an office in Michigan; and the court found that the defendant had control and constructive possession of the disputed goods in Michigan. Here, it is clear that the defendant has never had either control or possession of the goods in Michigan.

The appropriate remedy when venue is initially improper is to transfer venue pursuant to 28 U.S.C. § 1406(a). Accordingly, the defendant's motion to transfer venue

---

**2.** While a determination of the proper venue is procedural and should be governed by federal law, this remains a diversity action in which the substantive rights of the parties are determined by the law of the forum state under the *Erie* doctrine. See also Rule 64 of the Federal Rules of Civil Procedure, which provides in part as follows:

"*Seizure of Person or Property*

"At the commencement of and during the course of an action, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held, existing at the time the remedy is sought . . . The remedies thus available include . . . replevin . . . and other corresponding or equivalent remedies, however designated . . . ."

will be granted, and this action will be transferred to the United States District Court for the District of New Jersey.