SAMINCORP, INC., Plaintiff,

v.

SOUTHWIRE COMPANY, INC., and Sur-
americana de Aleaciones Laminadas
C. A., Defendants.

Civ. A. No. C79–828A.

United States District Court,
N. D. Georgia,
Atlanta Division.

June 20, 1980.

F. Carlton King, Atlanta, Ga., for plain-
tiff.

James H. Bratton, Jr., John G. Despriet,
Atlanta, Ga., for defendants.

## ORDER

VINING, District Judge.

This is an action for breach of contract, specific performance, and tortious interference with contract. The plaintiff has moved for leave to amend its complaint; that motion is unopposed, and it is hereby GRANTED. Defendant Southwire Company, Inc., filed a motion to dismiss on August 17, 1979, based on failure to state a claim, failure to join an indispensible party, and forum non conveniens. Since that motion relied on matters outside the pleadings, the parties agree that it should be treated as a motion for summary judgment and have

proceeded on that basis. On February 13, 1980, Southwire moved to dismiss for lack of jurisdiction over the subject matter. These motions are now ripe for consideration.

Southwire's motion to dismiss for lack of subject matter jurisdiction is predicated upon 28 U.S.C. § 1359, which provides, "a district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court." Southwire contends that Associacion de Tecnica Comercial, S.A. ("Atcom"), a Venezuelan corporation should have been a party to this action but assigned its interest in the litigation to Samincorp so as not to defeat diversity jurisdiction. Samincorp predicates its argument upon the assumption that the diversity requirement of 28 U.S.C. § 1332 precludes suits in which citizens of foreign states are opposing parties. However, a review of the authorities shows that this premise is incorrect. Since the premise is incorrect, the reasons for Atcom's assignment of its claims to Samincorp is of no legal significance for the purpose of considering Southwire's motion to dismiss for lack of subject matter jurisdiction.

The current diversity statute confers subject matter jurisdiction on the federal courts where the amount in controversy exceeds $10,000 and the controversy is between "citizens of different States and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332(a)(3). The statute does not provide that diversity is destroyed if citizens of foreign states are both plaintiffs and defendants, and one commentator has recognized that "the language of Section 1332(a)(3) is broad enough to allow aliens to be additional parties on both sides of the dispute. Under this interpretation, jurisdiction would exist if a New Yorker, and a Canadian, sued a Californian, and a German, assuming, of course, that there was a legitimate dispute between the two Americans." C. Wright, A. Miller, and E. Cooper, Federal Practice and Procedure § 3604 at p. 610 (1975).

The authorities cited by Southwire do not support their position. Although Professor Moore states, "When there are alien parties on both sides of the controversy jurisdiction will be found lacking even though they are citizens of different foreign countries . . .," 1 Moore's Federal Practice, ¶ 0.75[1.–2] at p. 709.6, the authorities cited by Professor Moore provide no support for that blanket conclusion, since none involved the situation wherein Americans of diverse citizenship were parties and the aliens were simply additional parties. (The cases decided prior to 1948 which are cited by either Moore or Southwire are not applicable because section 1332(a)(3) has no prior counterpart.)

The primary case relied upon by Southwire, *Kramer v. Caribbean Mills, Inc.*, 394 U.S. 823, 89 S.Ct. 1487, 23 L.Ed.2d 9 (1969), involved a controversy between two aliens, wherein one alien assigned his interest to an American citizen. That case, unlike the instant case, did not involve a controversy between citizens of different states with aliens also involved in the litigation. Southwire also seeks to find support in *Lavan Petroleum Company v. Underwriters at Lloyds*, 334 F.Supp. 1069 (S.D.N.Y.1971), which involved a suit by four American and two Iranian corporations against an English underwriting group, by quoting the following language, "Complete diversity is negated however by the presence as plaintiffs of the two alien corporations." 334 F.Supp. at 1071. However, the court was talking about subsection (a)(2), which speaks in terms of "citizens of a State and citizens or subjects of a foreign state." However, when addressing the jurisdictional requirement of subsection (a)(3), the court said, "[I]f the citizen corporations were involved in litigation with citizens of different states, the presence of the two alien plaintiff corporations would be jurisdictionally immaterial." 334 F.Supp. at 1071.

*Hercules, Inc. v. Dynamic Export Corp.*, 71 F.R.D. 101, 106 (S.D.N.Y.1976), merely states the proposition, in dicta, "The presence of aliens on both sides of a controversy will defeat diversity jurisdiction." But

even that case cites a pre-1948 Supreme Court case and two other cases which did not involve American citizens on each side of the controversy: In *IIT v. Vencap, Ltd.*, 519 F.2d 1001 (2d Cir. 1975), there was no American plaintiff; and *Ed and Fred, Inc. v. Puritan Marine Insurance Underwriters Corp.*, 506 F.2d 757 (5th Cir. 1975), likewise, had no American plaintiff.

A careful reading of the authorities discloses that the cases which state that aliens on both sides of a controversy will defeat diversity jurisdiction involve a construction of subsection (a)(2) and not (a)(3) or such a statement is pure dicta with the cases being cited in support being of no weight.

■ Since diversity jurisdiction existed prior to Atcom's assignment of its interest to Samincorp and since diversity jurisdiction would exist even if Atcom itself were a party plaintiff, there has been no collusion as contemplated by 28 U.S.C. § 1359, and Southwire's motion to dismiss for lack of subject matter jurisdiction is hereby DENIED.

■ In support of its motion to dismiss for failure to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure, Southwire contends that under Venezuelan law (which this court assumes for the purpose of this motion to be controlling), an undisclosed principal has no rights under a contract negotiated by its agent; and, likewise, where an agent acts within his authority and enters into a contract on behalf of a disclosed principal, the agent is not a party to such contract and is not liable for its breach. Southwire has presented an affidavit indicating that Atcom did not disclose that it was acting as agent on behalf of Samincorp and also that in the negotiations Southwire was acting as agent for Suramericana de Aleaciones Laminadas C.A. (Sural). However, an affidavit submitted by Samincorp contradicts these statements, thus presenting genuine issues of material fact which preclude summary judgment.

■ With respect to that part of Southwire's motion to dismiss for failure to join an indispensible party under Rule 19, Federal Rules of Civil Procedure, the court notes that the alleged indispensible party, Atcom, has assigned to Samincorp all of its rights arising out of the alleged contract which forms the basis for this litigation. Atcom's presence is not "critical to the disposition of the important issues in the litigation," *Haas v. Jefferson National Bank of Miami Beach*, 442 F.2d 394 (5th Cir. 1971), since it has assigned whatever rights it might have to Samincorp. Although Atcom's presence as a witness might be of some importance, this is not one of the reasons set forth in Rule 19 as requiring a person to be joined as a party. Applying the factors found in Rule 19, the court finds that complete relief among the parties can be afforded in Atcom's absence in that Atcom itself claims no interest relating to the subject of the action before the court. The motion to dismiss for failure to join an indispensible party is DENIED.

■ With respect to Southwire's motion to dismiss on the ground of forum non conveniens, the court in exercising its discretionary authority under said doctrine hereby declines to dismiss the suit on that ground. The court's decision is based upon several factors. First, one of the defendants is a Georgia corporation with its principal place of business in this district. Although there may be documentary evidence in Venezuela, there is also documentary evidence that would be located in this district and other places in this country. Also, even though some potential witnesses may reside in Venezuela, there are also potential witnesses in this country, and of the witnesses who might aid Southwire in presenting its defense of the matter, some are its own employees or employees of defendant Sural. Although Venezuela might be an appropriate forum for this litigation, this court sees no reason to disturb the plaintiff's choice of forum; this is especially so, since the other forum available is not just another district in this country but is a foreign country.

In summary, Southwire's motion to dismiss for lack of subject matter jurisdiction is DENIED; Southwire's motion to dismiss

**4**

for failure to state a claim (treated as a motion for summary judgment) is DENIED; Southwire's motion to dismiss for failure to join an indispensible party is DENIED; Southwire's motion to dismiss under the doctrine of forum non conveniens is DENIED.