**TIMCO ENGINEERING, INC. and Timco (HK), Ltd.**

**v.**

**REX & COMPANY, INC., Decora Industries, Inc., Data Display, Feoso Express, Ltd., Flying Tiger Airlines, Japan Airlines, Inc., Maersk Lines (Hong Kong) Ltd., R.G. Hobelmann & Company, Inc., Delta Airlines, Philadelphia National Bank, American President Lakes, Ltd., I.T.O. Corporation of Ameriport, Electro-Circuits, Inc.**

**Civ. A. No. 83–1914.**

United States District Court, E.D. Pennsylvania.

Feb. 25, 1985.

Nicholas J. Lisi, Solo, Padova & Lisi, Philadelphia, Pa., for plaintiffs.

Carl H. Delacato, Jr., Hecker, Rainer & Brown, Philadelphia, Pa., for defendant R.G. Hobelmann & Co., Inc.

Francis J. Deasey, Deasey, Scanlan & Bender, Philadelphia, Pa., for defendant I.T.O. Corp. of Ameriport.

## OPINION

LUONGO, Chief Judge.

In this lawsuit, Timco Engineering, Inc. and Timco (HK) Ltd. (Timco) seek recovery of the price of several shipments of goods sold to Decora Industries, Inc. (Decora) and Data Display. Named as defendants are Decora, Data Display, and several corporations variously involved with the transportation of the goods or the transmittal of relevant documentation. Now before me are the motions of defendant I.T.O. Corporation of Ameriport (I.T.O.) for summary judgment or partial summary judgment, and of defendant R.G. Hobelmann & Company, Inc. (Hobelmann) for summary judgment. For the reasons that follow, I will grant the motions of I.T.O. and Hobelmann for summary judgment.

As recounted in Timco's complaint, this case arises from purchases by Decora and Data Display of five parcels of goods from Timco's Hong Kong offices. The purchases were independently concluded and their delivery separately arranged. For purposes of this opinion, I will adopt the parties' reference to the transactions as "Goods I, II, III, IV, and V."

## I. *Timco v. I.T.O.*

### A. *Background*

Timco's claim against I.T.O. stems from I.T.O.'s involvement with Goods IV. Goods IV were shipped by sea to Philadelphia via Maersk Lines (Hong Kong) Ltd. At the port of Philadelphia, Maersk engaged I.T.O., a stevedore, to unload cargo which included Timco's parcel.

Timco alleges that both Maersk and I.T.O. contracted to deliver the goods to the Philadelphia National Bank. On or about June 21, 1980, however, I.T.O. delivered the goods to an unnamed trucking company that delivered the goods to Decora and Data Display rather than to the bank. Claiming that Maersk and I.T.O. breached or negligently performed their contracts, Timco seeks recovery of the price of Goods IV and other relief from I.T.O. and Maersk, jointly and severally.

I.T.O.'s motion for summary judgment attacks Timco's claim as time-barred under statutory and contractual provisions. This suit was filed on April 21, 1983, almost three years after the delivery of Goods IV. I.T.O. argues that the applicable bill of lading extends the one year statute of limitations in the Carriage of Goods by Sea Act (COGSA) to a stevedore acting under contract with the shipper. Alternatively, I.T.O. argues that the bill of lading itself establishes a one year limitations period for suits due to loss or damage of goods.[1]

Timco's response to the motion is twofold: Timco argues that neither the COGSA limitations period nor the contractual time-bar apply in a case of alleged misdelivery. Alternatively, Timco contends that the bill of lading did not extend the one year limitations period to stevedores with sufficient clarity.

### B. *Discussion*

■ I.T.O. concedes, as it must, that COGSA does not, by its own terms, impose

1. At oral argument, I.T.O. also argued that Pennsylvania's two-year statute of limitations, 42 Pa.    C.S.A. § 5524, would bar this suit if COGSA were ruled inapplicable.

a one year statute of limitations on suits against stevedores. This much is made clear by the Supreme Court's decision in *Robert C. Herd & Co., Inc. v. Krawill Machinery Corp.,* 359 U.S. 297, 79 S.Ct. 766, 3 L.Ed.2d 820 (1959), a case in which the Court rejected a stevedore's assertion of COGSA's $500 per package limitation of liability. I.T.O.'s claim that a one year limitations period applies, therefore, depends on whether the bill of lading incorporates with respect to stevedores either the COGSA limitations period or an independent limitation on time for suit.

▪ After careful consideration of the applicable bill of lading, I conclude that I.T.O. is entitled to invoke a one year limitations period. Primarily, the bill of lading expressly makes applicable the provisions of COGSA,[2] and it expressly extends to stevedores those statutory and contractual limitations and exonerations from liability that would be available to the carrier.[3] Indeed, the bill of lading includes a time for suit clause virtually identical to that provided by COGSA.[4]

▪ I recognize that the courts have required a clear expression of intent to extend COGSA's protections to stevedores. *Robert C. Herd & Co., Inc., supra; PPG Industries, Inc. v. Ashland Oil Company—Thomas Petroleum Transit Division,* 527 F.2d 502 (3d Cir.1975); *DeLaval Turbine, Inc. v. West India Industries, Inc.,* 502 F.2d 259 (3d Cir.1974). But where, as here, a Himalaya clause,[5] plainly grants stevedores those protections accorded carriers, the courts will uphold such a clause. *See, e.g., B. Elliott (Canada) Ltd. v. John T. Clark & Son of Maryland, Inc.,* 704 F.2d 1305 (4th Cir.1983); *Tessler Brothers (B.C.) Ltd. v. Italpacific Line,* 494 F.2d 438 (9th Cir.1974) (limitation of liability to $500 per package).

▪ Alternatively, I conclude that the bill of lading independently imposes a one year time bar on suits against the stevedore. I.T.O. did not have an independent contract with Timco, thus whatever contractual liability I.T.O. owes to Timco arose from Timco's contract with Maersk. As noted above,[6] the bill of lading includes a time for suit provision nearly identical to COGSA's. Given the bill of lading's express extension of contractual protections to stevedores, it is clear that the contracted limitations period bars Timco's claim against I.T.O.

▪ Timco's argument that the one year limitations period should not apply to suits for misdelivery is not persuasive. Although the bill of lading did not require the carrier (or the stevedore as its agent) to

2. The bill of lading states:
"This Bill of Lading shall have effect subject to the provisions of the 'Carriage of Goods by Sea Act 1936' ('COGSA') of the United States of America in respect of carriage of goods from ports in the United States. Otherwise this Bill of Lading shall have effect subject to the provisions of the Hague Rules contained in the International Convention for Unification of certain Rules relating to Bills of Lading, dated Brussels, August 25, 1924, as enacted in the country of shipment, or the said Hague Rules as amended by Protocol signed at Brussels on the 23rd February, 1968 (the Hague Visby Rules), or if no such enactment is compulsorily applicable, the provisions of said convention in its unamended form shall apply. If any provision of this Bill of Lading be invalid under COGSA or any other law that is compulsorily applicable, such provision shall, to the extent of such invalidity, but no further, be null and void."

3. Paragraph 3(2) of the bill of lading states in part:

"[E]very such servant, agent, stevedore and sub-contractor shall have the benefit of all provisions herein benefitting the Carrier as if such provisions were expressly for their benefit, and all limitations of and exonerations from liability provided to the Carrier by law and by the terms hereof shall be available to them, and, in entering into this contract the Carrier, to the extent of those provisions, does so not only on its own behalf, but also as agent and trustee for such servants, agents, stevedores and sub-contractors."

4. The bill states:
"In any event, the Carrier shall be discharged from any liability unless suit is brought within one year after delivery of the goods or the date when the Goods should have been delivered."

5. *See Brown & Root, Inc. v. M/V Peisander,* 648 F.2d 415, 417 & n. 5 (5th Cir.1981).

6. *Supra,* note 4.

deliver Timco's cargo to any location beyond the dock, absent a valid agreement to the contrary the carrier is bound to discharge Timco's cargo properly. *Leather's Best, Inc. v. S.S. Mormaclynx,* 451 F.2d 800 (2d Cir.1971); *David Crystal, Inc. v. Cunard Steam-Ship Co., Ltd.,* 339 F.2d 295 (2d Cir.1964), *cert. denied,* 380 U.S. 976, 85 S.Ct. 1339, 14 L.Ed.2d 271 (1965); *Bank of California, N.A. v. International Mercantile Marine Co.,* 64 F.2d 97 (2d Cir.), *cert. denied,* 290 U.S. 649, 54 S.Ct. 66, 78 L.Ed.2d 563 (1933); *Morse Electro Products Corp. v. S.S. Great Peace,* 437 F.Supp. 474 (D.N.J.1977). The risk of misdelivery is thus a risk against which Timco was protected under COGSA and the bill of lading. Therefore, accepting arguendo Timco's apparent premise that the limitations period should govern only suits with respect to duties specified by COGSA or the bill of lading, I conclude that a suit for misdelivery is such an action, and that the one year limitations period applies.

## II. *Timco v. R.G. Hobelmann & Co., Inc.*

### A. *Background*

R.G. Hobelmann & Co., Inc. is a customs house broker, a company that assists in the clearance of imported goods through United States Customs in Philadelphia. Hobelmann's connection with this case arose from its employment by Decora and Data Display for the purpose of clearing Goods I, II, and III, through Customs. It is alleged that employees of Hobelmann intentionally made material misrepresentations to agents of Rex & Company, Inc. while Rex had possession of the goods, and that such misrepresentations induced Rex to deliver the goods to unnamed trucking companies that delivered the goods to Decora and Data Display. Timco's claim against Hobelmann is one for common law fraud.[7]

Hobelmann's motion for summary judgment proceeds on three bases. Hobelmann contends that this court lacks subject matter jurisdiction over this lawsuit, that Timco's claims are barred by the statute of limitations, and that Timco's complaint fails to state a claim upon which relief can be granted. Hobelmann's jurisdictional challenge relates to the citizenship of two parties: plaintiff Timco (HK) Ltd. and defendant Feoso Express, Ltd. are incorporated under the laws of Hong Kong. Timco claims that such common citizenship destroys complete diversity. Hobelmann's statute of limitations argument rests on Pennsylvania's two-year time bar for suits for "taking, detaining or injuring personal property." 42 Pa. C.S.A. § 5524(3). Since this action was commenced almost three years after the transactions at issue, Hobelmann asserts that application of the appropriate limitations period would bar Timco's claim. Finally, Hobelmann's contention that Timco has failed to state a cognizable claim is based on its sworn assertion that its employees simply processed the goods through customs, and that its function did not include the responsibility—or power—to transfer title to the goods.

### B. *Discussion*

I am satisfied that diversity jurisdiction is present in this case. The relevant jurisdictional statute is 28 U.S.C. § 1332(a)(3), which provides:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—
>
> .    .    .    .    .
>
> citizens of different States and in which citizens or subjects of a foreign state are additional parties....

In the case at bar, plaintiff Timco Engineering, Inc. is incorporated and has its principal place of business in Florida, and all the defendants except Feoso Express, Ltd. of Hong Kong are citizens of different states. The presence of foreign citizens as additional plaintiffs and defendants does

---

**7.** Timco's complaint also alleges that Hobelmann participated in the Goods IV transaction, but at oral argument Timco withdrew its complaint against Hobelmann with respect to Goods IV.

not destroy diversity under 28 U.S.C. § 1332(a)(3). *Samincorp, Inc. v. Southwire Company, Inc.*, 531 F.Supp. 1 (N.D. Ga.1980); *K & H Business Consultants Ltd. v. Cheltonian, Ltd.*, 567 F.Supp. 420 (D.N.J.1983). *See also* 13B C. Wright, A. Miller, and E. Cooper, *Federal Practice and Procedure* § 3604 at 390–91 (2d ed. 1984). Thus, complete diversity exists.

Out of an abundance of caution, however, I will accede to Timco's suggestion that I drop Feoso as a party defendant. It is, of course, well established that district courts have discretion to drop non-essential, non-diverse parties in order to preserve diversity jurisdiction. *Field v. Volkswagenwerk AG*, 626 F.2d 293, 296 (3d Cir. 1980); *Riverside Memorial Mausoleum, Inc. v. UMET Trust*, 581 F.2d 62 (3d Cir. 1978). This is particularly appropriate in the case at bar because Feoso has yet to be served, and the suit has proceeded in its absence without objection. Feoso, therefore, can scarcely be called an indispensable party, and its dismissal will eliminate a jurisdictional issue not yet definitively resolved by the appellate courts.[8]

Turning now to Hobelmann's statute of limitations argument, it is apparent that Timco's claim is not time-barred only if it states a cause of action for common law fraud since Timco has not disputed that Pennsylvania's two-year time bar would preclude claims based on simple negligence.[9] To decide whether Timco's action against Hobelmann is timely, therefore, I must resolve Hobelmann's contention that it is entitled to summary judgment on Timco's fraud claim.

Under Pennsylvania law, the elements of a cause of action for fraud include: "(1) a misrepresentation, (2) a fraudulent utterance thereof, (3) an intention by the maker that the recipient will thereby be induced to act, (4) justifiable reliance by the recipient upon the misrepresentation and (5) damage to the recipient as the proximate result." *Neuman v. Corn Exchange National Bank and Trust Company*, 356 Pa. 442, 450, 51 A.2d 759, 763 (1947).

After careful consideration of the current record, I conclude that Hobelmann's motion for summary judgment must be granted. In response to an affidavit from a vice president of Hobelmann stating that Hobelmann's function as customs broker does not include arranging the transfer of title to imported goods, Timco

---

8. Although not raised by any party, I note that the presence of plaintiff Timco (HK) Ltd. raises a jurisdictional problem. Although 28 U.S.C. § 1332(a)(3) extends jurisdiction to actions in which citizens of foreign states are additional parties, it is uncertain whether Hong Kong is a "foreign state" within the meaning of that provision. At least one court has ruled that Hong Kong is not a foreign state for purposes of § 1332(a)(2). *Windert Watch Co., Inc. v. Remex Electronics Limited*, 468 F.Supp. 1242 (S.D.N.Y. 1979). The *Windert* decision does not, however, represent an unchallenged view of Hong Kong's status. For example, in *Tetra Finance (HK) Limited v. Shaheen*, 584 F.Supp. 847 (S.D.N.Y. 1984), the court, in dictum, suggested that the realities of modern commercial and cultural life as well as extensive American investment in Hong Kong militate strongly in favor of a finding that Hong Kong is a foreign state for purposes of § 1332(a)(2). I find the reasoning of the *Tetra Finance* court persuasive, and I will hold that, at least for purposes of § 1332(a)(3), the presence of a Hong Kong citizen as a plaintiff in a suit between otherwise diverse United States citizens does not deprive this court of subject matter jurisdiction.

9. Significantly, Hobelmann has not argued that the fraud claim is barred by the statute of limitations. A division of opinion currently exists within this district on the proper limitations period to be applied to common law fraud claims under Pennsylvania law. In *Fickinger v. C.I. Planning Corporation*, 556 F.Supp. 434 (E.D. Pa.1982), Judge Shapiro interpreted the revised Judicial Code to require application of a two year time bar to common law fraud claims. In *Eisenberg v. Gagnon*, 564 F.Supp. 1347 (E.D.Pa. 1983), however, Judge Weiner concluded that the Third Circuit's decision in *Sharp v. Coopers & Lybrand*, 649 F.2d 175 (3d Cir.1981), *cert. denied*, 455 U.S. 938, 102 S.Ct. 1427, 71 L.Ed.2d 648 (1982), required utilization of a six year time bar. Although I need not presently decide which approach is more persuasive, I note in passing that a recent amendment to the Judicial Code specifies a two year limitations period for tort claims such as "deceit or fraud" that arise after the date of enactment of the amendment. 42 Pa.C.S.A. § 5524(7) (1982).

has produced only the answers to interrogatories from an employee of Rex & Company which state that an employee of Hobelmann advised Rex to release the goods. Conspicuously absent from this response is any suggestion that an employee of Hobelmann made any representations as to the legal ownership of goods held by Rex, or as to Rex' duty to discharge the goods other than as directed by the applicable contract.

Moreover, even were I to accept Rex' vague responses as an allegation that Hobelmann misrepresented ownership of the goods in question, I could not accept that such representations could be the basis for *justifiable* reliance by the recipient. If, indeed, Rex turned over Goods I, II and III to the ultimate purchaser at the oral direction of a customs house broker, and without authorization from the bank to which the goods were to be delivered, Rex' conduct was clearly unreasonable, and Hobelmann's misstatement cannot be deemed the cause of Timco's loss. In short, I conclude that Timco's claims against Hobelmann are barred by the statute of limitations except insofar as Timco alleges fraud, but that Hobelmann is entitled to summary judgment on the merits of the fraud claim.