Charles J. CLARK, as agent for
Central Transport Inc.,
Plaintiff,

v.

YELLOW FREIGHT SYSTEM, INC. and
Yellow Freight System, Inc. of Canada,
jointly and severally, Defendants.

Civ. A. No. 89–CV–70614–DT.

United States District Court,
E.D. Michigan, S.D.

June 27, 1989.

Patrick A. Moran, Birmingham, Mich., for plaintiff.

Jerome P. Pesick, Southfield, Mich., for defendants.

## OPINION

DUGGAN, District Judge.

Plaintiffs Central Transport, Inc. and Charles Clark, as agent for Central Transport ("Central") brought this action against Yellow Freight System, Inc. ("Yellow Freight") and Yellow Freight System of Ontario Inc. The suit involves a trucking facility located in Windsor, which defendant Yellow Freight owns. Plaintiffs assert that Yellow Freight agreed to sell the property to Central, but subsequently refused to go through with the sale. Plaintiffs brought this action for specific performance of the alleged contract to sell the property.

Currently, defendant has moved to dismiss the action for (A) lack of subject matter jurisdiction; (B) improper venue; and (C) *forum non conveniens.* The Court heard oral arguments on the motion, and took the matter under advisement.

## I. Subject Matter Jurisdiction

■ Plaintiffs filed suit in this Court, alleging that subject matter jurisdiction exists under 28 U.S.C. § 1332, diversity of citizenship between the parties. Defendants seek dismissal on the ground that complete diversity does not exist.

Defendants argue that, because Clark brought this action as an agent or representative of Central, that it is Clark's citizenship the Court looks to rather than Central's to determine whether complete diversity exists. Clark and defendant Yellow Freight System of Ontario are both citizens of Canada. Consequently, defendant contends, complete diversity does not exist.

Plaintiffs, on the other hand, contend that Central, a Michigan corporation, is the real party in interest, and, thus, Clark's Canadian citizenship should be disregarded.

If the Canadian parties to the suit were disregarded, then complete diversity of citizenship would exist. Plaintiff Central is a Michigan corporation with its principal place of business in Michigan, and defendant Yellow Freight is an Indiana corporation with its principal place of business in Kansas. Accordingly, the Court has subject matter jurisdiction over the current action under 28 U.S.C. § 1332(a)(3), which states:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—

\*    \*    \*    \*    \*    \*

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties....

§ 1332(a)(3).

The district court in *Samincorp., Inc. v. Southwire Co., Inc.,* 531 F.Supp. 1 (N.D. Ga.1980) explained the statute as follows:

The current diversity statute confers subject matter jurisdiction on the federal courts where the amount in controversy exceeds $10,000 and the controversy is between "citizens of different States and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332(a)(3). The statute does not provide that diversity is destroyed if citizens of foreign states are both plaintiffs and defendants, and one commentator has recognized that "the language of Section 1332(a)(3) is broad enough to allow aliens to be additional parties on both sides of the dispute. Under this interpretation, jurisdiction would exist if a New Yorker, and a Canadian, sued a Californian, and a German, assuming, of course, that there was a legitimate dispute between the two Americans." C. Wright, A. Miller, and E. Cooper, Federal Practice and Procedure § 3604 at p. 610 (1975).

*Samincorp.* at 2.

*See also Timco Engineering, Inc. v. Rex & Co. Inc.,* 603 F.Supp. 925, 929–30 (E.D. Penn.1985); *K & H Business Consultants Ltd. v. Cheltonian,* 567 F.Supp. 420, 423 (D.N.J.1983); *Goar v. Compania,* 688 F.2d 417, 420 n. 6 (5th Cir.1982).

■ The Court is satisfied that there is a legitimate dispute between the American parties, Central (as Clark's principal) and Yellow Freight, and thus that diversity jurisdiction exists under 28 U.S.C. § 1332(a)(3). The issue of whether Clark was a party to the contract and whether Clark is a real party in interest is not relevant to a determination of the existence of subject matter jurisdiction under § 1332(a)(3).

## II. Venue

### A. *"State Law Venue" Provisions*

■ Defendant's next argument is that venue is improper in this district because the present action is a local action or an action *in rem,* governed by state substantive law. Defendant further argues that, under Michigan law, an *in rem* action must be brought in the district where the property is located. *See, e.g., Central Transport,*

*Inc. v. Theurer,* 430 F.Supp. 1076, 1078–79 (E.D.Mich.1979).

Courts disagree regarding whether state or federal law is applied to determine whether an action is local or transitory. *Hayes v. Gulf Oil Corp.,* 821 F.2d 285, 287–88 (5th Cir.1987); *Centennial Petroleum, Inc. v. Carter,* 529 F.Supp. 563, 565 (D.Colo.1982); *Raphael J. Musicus, Inc. v. Safeway Stores, Inc.,* 743 F.2d 503, 506. In addition, courts disagree regarding whether the issue is one of venue or subject matter jurisdiction. *Hayes* at 291. *See also* Wright, Miller & Cooper, *Federal Practice & Procedure,* § 3822, p. 206–07 and n. 21.

It is unnecessary for this Court to weigh the merits of the opposing views on these issues, however. The Sixth Circuit, framing the issue as one of venue, rather than jurisdiction, has held that suits for specific performance of a contract to convey land (such as the present suit) are transitory actions, or actions *in personam,* which may be brought in any district where the defendant can be found. *Dan Cohen Realty Co. v. National Savings & Trust Co.,* 125 F.2d 288 (6th Cir.1942).

The Court recognizes that *Dan Cohen* involved a suit for specific performance of an agreement for the renewal of a lease, rather than an agreement to sell real property. Nevertheless, the Sixth Circuit was explicit in directing that:

> A suit to enforce a contract for the conveyance of land is a proceeding in personam and not in rem. *Dan Cohen* at 290.

Moreover, the cases on which the Sixth Circuit relied in *Dan Cohen* involved suits for specific performance of contracts for the sale of land. *See Municipal Investment Co. v. Gardiner,* 62 F. 954 (1894);

*Gotter v. McCulley,* 292 F. 382 (E.D.Wash. 1923).

The Seventh Circuit has held that the resolution of the question whether an action is local or transitory depends on the relief sought. *Raphael J. Musicus, Inc., v. Safeway Stores, Inc.,* 743 F.2d 503, 506 (7th Cir.1984). The "determinative element" for a transitory action is whether the relief requested is " 'personal' " in nature, so that the court can act on the person or personal property of the defendant, in the court's control, rather than on the lands involved. *Raphael J. Musicus* at 508. The Seventh Circuit held that actions in tort or contract (including actions for specific performance of contracts concerning real property) are transitory actions. *Raphael J. Musicus* at 507.[1]

In light of the foregoing, the Court concludes that this action must be characterized as transitory, or *in personam.* Accordingly, plaintiffs were not required to bring suit in the district where the property was located, but suit is proper in any district, including the Eastern District of Michigan, with which the defendants had minimum contacts sufficient for the exercise of personal jurisdiction. Defendants' Motion to Dismiss cannot be granted on this basis.

#### B. *Federal Venue Provisions*

Defendants argue, in the alternative, that venue is improper under the federal venue provisions, specifically, 28 U.S.C. § 1391(a), which provides that:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose.

---

**1.** The Court is aware of the Fifth Circuit's opinion in *Hayes v. Gulf Oil Co.,* 821 F.2d 285 (5th Cir.1987), in which the Fifth Circuit appears to hold that local actions are those in which title to land is to be adjudicated. *Hayes* at 290. While the Court believes that the distinction made by the *Hayes* court is a valid one, the Court is compelled to follow the Sixth Circuit precedent in *Dan Cohen.* Similarly, the Court is aware of Judge Levin's opinion in *American Louisiana Pipe Line Co. v. Gulf Oil Corp.,* 158 F.Supp. 13

(E.D.Mich.1957), in which Judge Levin held that an action for specific performance of a contract to supply quantities of natural gas could not be a local action because it did not affect the right, title, or interest of the property. *Amer. La. Pipe Line* at 15. The Court believes that the present action must be classified as transitory, rather than local, even though it involves title to the land, under the Sixth Circuit's holding in *Dan Cohen.*

Here, the Court finds that venue is proper in the Eastern District of Michigan because it is the district where all plaintiffs reside. Plaintiff Central is a Michigan corporation with its principal place of business in Michigan. Plaintiff Clark is an alien, and aliens are presumed not to reside in any district. *Williams v. U.S.*, 704 F.2d 1222, 1225 (11th Cir.1983), *citing Galveston, Harrisburg & San Antonio Railway Co. v. Gonzales,* 151 U.S. 496, 506–07, 14 S.Ct. 401, 404–05, 38 L.Ed. 248 (1894).

### III. Forum Non Conveniens

 Defendants' final argument for dismissal is based on the doctrine of "forum non conveniens." This doctrine is now contained in 28 U.S.C. § 1404(a) which states that:

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a).

The Court does not believe that defendants have met their burden of demonstrating that the convenience of parties and witnesses, and the interests of justice, favor an alternate forum. Unless the balance strongly favors the defendant, the plaintiff's choice of forum should rarely be disturbed. *Simmons Ford, Inc. v. Consumers Union of the U.S.*, 490 F.Supp. 106, 107 (W.D.Mich.1980), *citing Nicol v. Koscinski,* 188 F.2d 537 (6th Cir.1951). *Accord: Campbell v. Hilton Hotels Corp.,* 611 F.Supp. 155, 157 (E.D.Mich.1985).

 Further, the Court finds that defendants' Motion to Dismiss under 28 U.S.C. § 1404(a) should not be granted because the statute does not provide for dismissal on the basis of an inconvenient forum, but only for transfer to a more convenient forum. This presupposes the existence of a valid alternate forum, as a prerequisite for application of the statute. *Mizokami Bros. of Ariz. Inc. v. Mobay Chemical Corp.,* 660 F.2d 712, 718 (8th Cir.1981); *Dahl v. United Technologies Corp.,* 632 F.2d 1027, 1029 (3rd Cir.1980). Defendants suggest that Canada is a valid forum, but have not shown that both defendants are amenable to suit in Canada, or that Canadian courts would have jurisdiction over this matter. Additionally, the Court lacks the power to transfer a case to a Canadian court. Consequently, dismissal would not be appropriate under 28 U.S.C. § 1404(a), and defendants' motion must be denied.

An order consistent with the above will be issued.