**CAMPER & NICHOLSONS IN-TERNATIONAL, LTD. and Tron Sole, Plaintiffs,**

**v.**

**BLONDER MARINE & CHARTER, INC.; Parts VI Charters, Inc.; Dimitri Manios; Messinia Shipping Co., Ltd.; and Robert B. Cohen, Defendants.**

**No. 92–6384–CIV.**

United States District Court, S.D. Florida.

June 25, 1992.

---

Michael T. Moore and Adolfo E. Jimenez of Holland & Knight, Miami, Fla., for plaintiffs.

No one has filed an appearance on behalf of any defendant.

### ORDER OF DISMISSAL

GONZALEZ, District Judge.

THIS CAUSE has come before the Court *sua sponte* upon the filing of the plaintiffs' complaint.

The plaintiffs allege that this Court has jurisdiction over this action because of the diverse citizenship of the parties pursuant to 28 U.S.C. § 1332. However, after a careful examination of the plaintiffs' complaint, *see Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1555 (11th Cir.1989), the Court finds that it lacks subject matter jurisdiction over this cause because there is not "complete" diversity of citizenship between the parties. Consequently, the Court will dismiss the plaintiffs' complaint for lack of subject matter jurisdiction.

### I. Background

#### A. Nature of the Dispute

Camper & Nicholsons International, Ltd. ("Camper & Nicholsons") and Tron Sole have filed a four count complaint against the defendants alleging claims for breach of contract, tortious interference with a contract and/or business relationship, fraud, and unjust enrichment. The plaintiffs are yacht brokers who claim that the defendants wrongfully denied them a commission on the sale of the M/Y Parts VI. Because the plaintiffs have invoked this Court's jurisdiction based on the diverse *citizenship* of the parties, it is necessary for the Court to outline the plaintiffs' allegations of citizenship with respect to each party. First, however, the Court will reiterate the pleading obligations which are incumbent upon plaintiffs who seek to invoke a district court's diversity jurisdiction.

#### B. Pleading Citizenship

When a federal court's jurisdiction is premised upon the diversity of citizenship between the parties, the plaintiff bears the obligation of demonstrating in the complaint that *complete* diversity of citizenship exists between the parties. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806); *Seyler v. Steuben Motors, Inc.*, 462 F.2d 181 (3d Cir.1972); *Carden v. Arkoma Associates*, 494 U.S. 185, 110 S.Ct. 1015, 1017, 108 L.Ed.2d 157 (1990). Necessarily, as an obvious corollary of this rule, the plaintiff must allege in the complaint the *citizenship* of all parties. *Hodgson v. Bowerbank*, 9 U.S. (5 Cranch) 303, 3 L.Ed. 108 (1809); *Toms v. Country Quality Meats, Inc.*, 610 F.2d 313, 316 (5th Cir.1980). Merely averring that a party is a *resident* of a certain state or country is not sufficient to establish the *citizenship* of that party. *Delome v. Union Barge Line Co.*, 444 F.2d 225, 233 (5th Cir.), *cert. denied*, 404 U.S. 995, 92 S.Ct. 534, 30 L.Ed.2d 547 (1971); *Congress of Racial Equality v. Clemmons*, 323 F.2d 54 (5th Cir.1963), *cert. denied*, 375 U.S. 992, 84 S.Ct. 632, 11 L.Ed.2d 478 (1964). Moreover, because a corporation is a citizen of both the state of incorporation and the state which is its principal place of business, *see* 28 U.S.C. § 1332(c), a plaintiff who fails to allege the principal place of business of a corporation has failed to sufficiently allege the corporation's citizenship.

In their complaint, the plaintiffs have failed to plead the principal place of business of all three corporate defendants, as well as the *citizenship* of the individual plaintiff and the two individual defendants. These omissions are reason enough for the Court to dismiss the plaintiffs' complaint. However, because of the way foreign individuals and corporations are lined upon each side of the suit, and after making certain necessary assumptions about the citizenship of the parties, the Court will go on to explain that it believes dismissal is warranted even if the plaintiffs had properly pleaded the citizenship of each party.

#### C. The Citizenship of the Plaintiffs

The plaintiff Camper & Nicholsons alleges that it is a foreign corporation with its principal place of business in the principali-

ty of Monaco. *See* Plaintiffs' Complaint at ¶ 3. The Court will assume that Camper & Nicholsons is a corporation organized under the laws of Monaco and not under the laws of any American state. Therefore, Camper & Nicholsons presumably is a foreign citizen.

The plaintiff Sole does not allege his citizenship, but instead alleges that he is a "resident of the Kingdom of Norway." *Id.* at ¶ 4. Again, the Court will assume that Sole is a citizen of Norway and not of any American state.

### D. The Citizenship of the Defendants

Turning now to the defendants, the plaintiffs allege that the defendant Blonder Marine & Charter, Inc. ("BMC") is a Delaware corporation. *Id.* at ¶ 5. The plaintiffs have not alleged BMC's principal place of business and therefore the Court will assume for the purposes of this analysis that BMC is a citizen only of Delaware.

The plaintiffs have alleged that the defendant Parts VI Charters, Inc. is a Delaware corporation. *Id.* at ¶ 6. Again, the plaintiffs did not allege this corporate defendant's principal place of business, and the Court will assume therefore that the defendant is a citizen only of Delaware.

The plaintiffs allege that the defendant Manios is a "resident of Greece." *Id.* at ¶ 7. The Court will assume that Manios is a Greek citizen, and not a citizen of any American state.

Finally, the plaintiffs allege that the defendant Messinia Shipping Company, Ltd. ("MSC, Ltd.") is a corporation of Cyprus, *Id.* at ¶ 8, and that the defendant Robert B. Cohen is "a resident of the State of Connecticut." *Id.* at ¶ 9. For the purposes of this analysis, the Court again will assume that Cohen is a citizen of Connecticut and that MSC, Ltd. is a citizen or subject of Cyprus.

In sum, based on the plaintiffs' allegations, the Court assumes that three of the defendants are citizens of American states, while two are citizens or subjects of foreign states. Significantly, neither plaintiff is alleged to be a citizen of an American state.

## II. Discussion

■ The application of the diversity statute creates unique problems when foreign citizens or subjects are involved in multi-party litigation. The diversity statute generally provides for federal jurisdiction over suits involving foreign citizens or subjects in two scenarios. First, the statute contemplates federal jurisdiction over a lawsuit where the amount in controversy exceeds $50,000 and the suit is between citizens of an American state and citizens or subjects of a foreign state. 28 U.S.C. § 1332(a)(2). For example, were a citizen of Spain to sue a citizen of Florida, and were the amount in controversy to exceed $50,000, this Court would have subject matter jurisdiction pursuant to § 1332(a)(2). *Cf. Windert Watch Co., Inc. v. Remex Electronics, Ltd.,* 468 F.Supp. 1242 (S.D.N.Y.1979); *Jaffe v. Boyles,* 616 F.Supp. 1371, 1374–75 (W.D.N.Y.1985).

The diversity statute also expressly provides for jurisdiction where the amount in controversy exceeds $50,000 and the suit is between citizens of different states and in which citizens or subjects of a foreign state are additional parties. 28 U.S.C. § 1332(a)(3). In this latter scenario, § 1332(a)(3) provides a federal court with jurisdiction where aliens are additional parties to a controversy, so long as a citizen of a different American state is present on each side of the controversy and there is a legitimate dispute between those American citizens of diverse citizenship. *See Samincorp, Inc. v. Southwire Co.,* 531 F.Supp. 1 (N.D.Ga.1980); *Clark v. Yellow Freight System, Inc.,* 715 F.Supp. 1377 (E.D.Mich. 1989); C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 3604, at 390 (1984). For example, were a citizen of Florida and a citizen of Spain to sue a citizen of Illinois and a citizen of Ireland, and were there to be a legitimate dispute between the Florida citizen and the Illinois citizen, then, assuming of course that the amount in controversy exceeds $50,000, this Court would have jurisdiction pursuant to § 1332(a)(3). *Cf. K & H Business Consultants Ltd. v. Cheltonian, Ltd.,* 567 F.Supp. 420 (D.N.J.1983).

■ A problem arises, however, where, as is the case here, the plaintiffs are all

foreign citizens or subjects and the defendants are a mix of American citizens and foreign citizens or subjects. The presence of foreign citizens as party defendants, where all the plaintiffs are foreign citizens, runs afoul of the long established rule that diversity must be "complete." *See Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). In accord with the requirement of complete diversity, a suit may not be maintained in a federal court by foreign citizens or subjects against a group of defendants which includes both citizens of American states and foreign citizens or subjects. *See Eze v. Yellow Cab Company of Alexandria, Va., Inc.,* 782 F.2d 1064 (D.C.Cir.1986); *Ed & Fred, Inc. v. Puritan Marine Insurance Underwriters Corp.,* 506 F.2d 757 (5th Cir.1975).[1]

In the present case, the plaintiff Camper & Nicholsons is a foreign citizen, and the Court assumes that the same is true of the plaintiff Sole. Both plaintiffs, therefore, are foreign citizens or subjects. Meanwhile, the defendants BMC, Inc.; Parts VI Charters, Inc.; and presumably Robert B. Cohen are citizens of American states. The defendant Manios and MSC, Ltd., however, are presumably foreign citizens or subjects. Because foreign citizens are present on both sides of the controversy, and because no party plaintiff is an American citizen, complete diversity is lacking and this Court is without subject matter jurisdiction.

Accordingly, having reviewed the plaintiffs' complaint and the record, and being otherwise duly advised, it is hereby:

ORDERED and ADJUDGED that the plaintiffs' complaint is DISMISSED without prejudice for lack of subject matter jurisdiction. The plaintiffs may file an amended complaint within ten days from the date of this order.

DONE AND ORDERED.

---

**1.** In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.